UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLEAN WASTE, INC.

        Plaintiff                          CIVIL ACTION NO.

-against-                                 3:02cv02105 (RNC)

THE CONNECTICUT INDEMNITY COMPANY, INC.,
FIRST NATIONS FINANCIAL SERVICES, INC., THE
DUNLAP CORPORATION F/D/B/A DUNLAP
INSURANCE & BONDING and/or DUNLAP CT
CORPORATION, BRUEN DELDIN DiDIO
ASSOCIATES, INC., and MARINE MGA, INC.

        Defendants                      September 21, 2006

**ANSWER, AFFIRMATIVE DEFENSES, SET-OFF and CROSS-CLAIM OF THE
DEFENDANT THE DUNLAP CORPORATION f/d/b/a DUNLAP INSURANCE &
BONDING and/or DUNLAP CT CORPORATION**

Defendant, The Dunlap Corporation f/d/b/a Dunlap Insurance & Bonding and/or Dunlap CT Corporation ("Dunlap"), by its attorneys, Lustig & Brown, LLP, as its Answer to the Complaint, hereby states the following:

**THE PARTIES**

1-3.       The answering defendant does not have sufficient information or knowledge upon which to form a belief as to the allegations contained in Paragraphs 1 through 3 and, therefore, leaves the plaintiff to its proof.

4-6.       The answering defendant does not have sufficient information or knowledge upon which to form a belief as to the allegations contained in Paragraphs 4 through 6 and, therefore, leaves the plaintiff to its proof.

**JURISDICTION**

7.         The answering defendant does not have sufficient information or knowledge upon which to form a belief as to the allegations contained in Paragraph 7 and, therefore, leaves the plaintiff to its proof.

**VENUE**

8.         Paragraph 8 does not contain any factual allegations and, therefore, the answering defendant makes no response to this paragraph.

**STATEMENT OF FACTS**

9-18.      The answering defendant does not have sufficient information or knowledge upon which to form a belief as to the allegations contained in Paragraphs 9 through 18, and, therefore, leaves the plaintiff to its proof.

19.        It is admitted that in or about October 1999, the defendant First Nations Financial Services, Inc. ("First Nations") contacted Scott Hainey, an agent of the answering defendant at that time, about insurance coverage for the Yacht.  As to the remaining allegations of said paragraph, the answering defendant does not have sufficient information or knowledge upon which to form a belief as to these allegations and, therefore, leaves the

plaintiff to its proof.

20. The answering defendant does not have sufficient information or knowledge upon which to form a belief as to the allegations contained in Paragraph 20 and, therefore, leaves the plaintiff to its proof.

21. It is admitted that Scott Hainey contacted John Sterling of the defendant Marine MGA, Inc. ("Marine MGA") about insurance coverage for the Yacht. As to the remaining allegations of said paragraph, the answering defendant does not have sufficient information or knowledge upon which to form a belief as to these allegations and, therefore, leaves the plaintiff to its proof.

22. It is admitted that the answering defendant provided documentation and information to defendant Marine MGA for purposes of quoting insurance coverage for the Yacht. As to the remaining allegations of said paragraph, the answering defendant does not have sufficient information or knowledge upon which to form a belief as to these allegations and, therefore, leaves the plaintiff to its proof.

23. It is admitted that the answering defendant provided a "Yacht Application" to defendant Marine MGA for purposes of quoting insurance coverage for the Yacht. As to the remaining allegations of said paragraph, the answering defendant does not have sufficient information or knowledge upon which to form a belief as to these allegations and, therefore, leaves the plaintiff to its proof.

24.     It is admitted that a "Yacht Application" was forwarded by the answering defendant to defendant First Nations for signature by Mr. Perrotti. As to the remaining allegations of said paragraph, the answering defendant does not have sufficient information or knowledge upon which to form a belief as to these allegations and, therefore, leaves the plaintiff to its proof.

25.     It is admitted that a "Yacht Application" signed by Mr. Perrotti was sent by the answering defendant to Marine MGA. As to the remaining allegations of said paragraph, the answering defendant does not have sufficient information or knowledge upon which to form a belief as to these allegations and, therefore, leaves the plaintiff to its proof. Further, the answering defendant avers that the "Yacht Application" attached as Exhibit C to the Complaint speaks for itself, and the answering defendant denies any factual and/or legal characterizations concerning this document.

26-29.  With respect to Paragraphs 26 through 29 of the Complaint, the answering defendant avers that the "Yacht Application" attached as Exhibit C to the Complaint speaks for itself and, therefore, denies any factual and/or legal characterizations concerning this document.

30.     Paragraph 30 is admitted.

31.     It is admitted that the subject policy was forwarded to defendant First Nations. As to the remaining allegations of said paragraph, the answering defendant does not

have sufficient information or knowledge upon which to form a belief as to these allegations and, therefore, leaves the plaintiff to its proof. Further, the answering defendant avers that the policy at issue, attached as Exhibit D to the Complaint, speaks for itself, and the answering defendant denies any factual and/or legal characterizations concerning this document.

32. The answering defendant avers that the policy at issue, attached as Exhibit D to the Complaint, speaks for itself, and the answering defendant denies any factual and/or legal characterizations concerning this document

33-40. The answering defendant does not have sufficient information or knowledge upon which to form a belief as to the allegations contained in Paragraphs 33 through 40 and, therefore, leaves the plaintiff to its proof.

41. The answering defendant does not have sufficient information or knowledge upon which to form a belief as to the allegations contained in Paragraph 41 and, therefore, leaves the plaintiff to its proof.

42. The answering defendant does not have sufficient information or knowledge upon which to form a belief as to the allegations contained in Paragraph 42 and, therefore, leaves the plaintiff to its proof. Further, the answering defendant avers that documents attached as Exhibit E and F to the Complaint, speak for themselves, and the answering defendant denies any factual and/or legal characterizations concerning these documents.

43-64.   The answering defendant does not have sufficient information or knowledge upon which to form a belief as to the allegations contained in Paragraphs 43 through 64 and, therefore, leaves the plaintiff to its proof.

**FIRST COUNT** - **Against First Nations Financial Services, Inc.**

The answering defendant makes no response to the allegations contained in the First Count of the plaintiff's Complaint as said allegations are not directed against this defendant. Any allegation contained within this Count which can be construed to infer or imply any negligence or wrongdoing on the part of this defendant is hereby denied.

**SECOND COUNT** - **Against The Dunlap Corporation**

1-64.   The answering defendants' responses to Paragraphs 1 through 64 of the First Count are hereby incorporated and made the responses to Paragraphs 1 through 64 of this the Answer to the Second Count.

65-67.   The answering defendant makes no response to the allegations contained in Paragraphs 65 through 67 of the plaintiff's Complaint as said allegations are not directed against this defendant. Any allegation contained within these paragraphs which can be construed to infer or imply any negligence or wrongdoing on the part of this defendant is hereby denied.

68.   The undersigned defendants make no response to allegations contained

in Paragraph 68 as said allegations are legal conclusions unsupported by any material facts. To the extent that any allegations contained within this paragraph can be construed to infer or imply any negligence or wrong doing on the part of the answering defendant, such allegations are hereby denied.

69.		Paragraph 69 is denied.

70.		Paragraph 70, including plaintiff's Demand for Relief, is denied.

**THIRD COUNT - Against Bruen Deldin Didio Associates, Inc.**

The answering defendant makes no response to the allegations contained in the Third Count of the plaintiff's Complaint as said allegations are not directed against this defendant. Any allegation contained within this Count which can be construed to infer or imply any negligence or wrongdoing on the part of this defendant is hereby denied.

**FOURTH COUNT - Against Marine MGA, Inc.**

The answering defendant makes no response to the allegations contained in the Fourth Count of the plaintiff's Complaint as said allegations are not directed against this defendant. Any allegation contained within this Count which can be construed to infer or imply any negligence or wrongdoing on the part of this defendant is hereby denied.

**FIFTH COUNT - Against Marine MGA, Inc.**

The answering defendant makes no response to the allegations contained in the Fifth Count of the plaintiff's Complaint as said allegations are not directed against this defendant.

Any allegation contained within this Count which can be construed to infer or imply any negligence or wrongdoing on the part of this defendant is hereby denied.

**SIXTH COUNT - Against The Connecticut Indemnity Company**

The answering defendant makes no response to the allegations contained in the Sixth Count of the plaintiff's Complaint as said allegations are not directed against this defendant. Any allegation contained within this Count which can be construed to infer or imply any negligence or wrongdoing on the part of this defendant is hereby denied.

**SEVENTH COUNT - Against The Connecticut Indemnity Company**

The answering defendant makes no response to the allegations contained in the Seventh Count of the plaintiff's Complaint as said allegations are not directed against this defendant. Any allegation contained within this Count which can be construed to infer or imply any negligence or wrongdoing on the part of this defendant is hereby denied.

**EIGHTH COUNT - Against The Connecticut Indemnity Company**

The answering defendant makes no response to the allegations contained in the Eighth Count of the plaintiff's Complaint as said allegations are not directed against this defendant. Any allegation contained within this Count which can be construed to infer or imply any negligence or wrongdoing on the part of this defendant is hereby denied.

**NINTH COUNT - Against The Connecticut Indemnity Company**

The answering defendant makes no response to the allegations contained in the Ninth

Count of the plaintiff's Complaint as said allegations are not directed against this defendant. Any allegation contained within this Count which can be construed to infer or imply any negligence or wrongdoing on the part of this defendant is hereby denied.

### TENTH COUNT - Against Marine MGA, Inc.

The answering defendant makes no response to the allegations contained in the Tenth Count of the plaintiff's Complaint as said allegations are not directed against this defendant. Any allegation contained within this Count which can be construed to infer or imply any negligence or wrongdoing on the part of this defendant is hereby denied.

### ELEVENTH COUNT - Against The Connecticut Indemnity Company

The answering defendant makes no response to the allegations contained in the Eleventh Count of the plaintiff's Complaint as said allegations are not directed against this defendant. Any allegation contained within this Count which can be construed to infer or imply any negligence or wrongdoing on the part of this defendant is hereby denied.

### FIRST AFFIRMATIVE DEFENSE

The allegations set forth in the Complaint fail to state a claim against the answering defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If plaintiff sustained any loss or damages as a result of the matters as alleged in the Complaint, then such loss or damages will have been caused and brought by the affirmative

wrongdoing, negligence, want of care and other culpable conduct of the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against the answering defendant should be dismissed because any alleged acts or alleged omissions of the answering defendant were not the proximate cause of Plaintiff's alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

The action must be dismissed against the answering defendant, since at all times it was acting at the direction of a disclosed principal.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's actions on the policy of insurance at issue are barred by reason of plaintiff's own non-compliance with the express terms and conditions of the policy.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action should be dismissed because the plaintiff has failed to name a necessary party.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim against the answering defendant is barred by operation of the applicable

statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrines of res judicata and/or collateral estoppel.

### BY WAY OF FIRST SETOFF

1.	Upon information and belief, the insurance policy at issue in the subject litigation may contain a deductible which applies to the underlying action.

2.	If plaintiff has sustained any damages as a result of the matters as alleged in the Complaint, which the answering defendant denies, then the answering defendant is entitled to a setoff to the full extent of any applicable deductible under the subject policy.

### CROSS-CLAIM AGAINST THE DEFENDANTS, MARINE MGA, INC. & THE CONNECTICUT INDEMNITY COMPANY, INC.

If plaintiff sustained any damages as alleged in the Complaint by reason of fault other than its own and judgment is rendered against the answering defendant by reason of such, then upon the theory of apportionment of responsibility, contribution and/or indemnification, co-defendants MARINE MGA, INC. and/or THE CONNECTICUT INDEMNITY COMPANY, INC. will be liable over to and required to indemnify the answering defendant for all or part of said judgment

### CROSS-CLAIM AGAINST THE DEFENDANT, FIRST NATIONS FINANCIAL SERVICES, INC.

If plaintiff sustained any damages as alleged in the Complaint by reason of fault other

Page -11-

than its own and judgment is rendered against the answering defendant by reason of such, then upon the theory of apportionment of responsibility, contribution and/or indemnification, co-defendant FIRST NATIONS FINANCIAL SERVICES, INC. will be liable over to and required to indemnify the answering defendant for all or part of said judgment

**WHEREFORE**, the answering defendant demands judgment as follows:

    a)    The cause of action of the plaintiff as against the answering defendant be dismissed;

    b)    Judgment be awarded to the answering defendant based upon the affirmative defenses;

    c)    Any recovery awarded to the plaintiff be diminished in proportion to which plaintiff's own culpable conduct contributed to its claimed damages;

    d)    The rights of defendants and as against themselves, be determined and that the answering defendant have judgment over against codefendants Marine MGA, Inc., The Connecticut Indemnity Company, Inc., and/or First Nations Financial Services, Inc. for all or part of any judgment that plaintiff may recover against the answering defendant;

    e)    Such other relief be awarded as the Court deems just and proper.

THE DEFENDANT, THE DUNLAP CORPORATION F/D/B/A DUNLAP INSURANCE & BONDING and/or DUNLAP CT CORPORATION, DEMANDS THAT ALL CLAIMS BE TRIED TO A JURY.

Respectfully submitted,

THE DEFENDANT,
THE DUNLAP CORPORATION F/D/B/A DUNLAP INSURANCE & BONDING and/or DUNLAP CT CORPORATION

By: _____
Christopher B. Weldon, Esq. (ct 14128)
Darren P. Renner, Esq. (ct 15901)
Lustig & Brown, LLP
1177 Summer Street
Stamford, Connecticut 06905
Telephone: (203) 977-7840
Fax No. (203) 977-8649

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CLEAN WASTE, INC.** | |
| **Plaintiff** | CIVIL ACTION NO. |
| VS. | 302CV02105 RNC |
| **THE CONNECTICUT INDEMNITY COMPANY, INC., FIRST NATIONS FINANCIAL SERVICES, INC., THE DUNLAP CORPORATION F/D/B/A DUNLAP INSURANCE & BONDING and/or DUNLAP CT CORPORATION, BRUEN DELDIN DiDIO ASSOCIATES, INC., and MARINE MGA, INC.** | |
| **Defendants** | September 21, 2006 |

### CERTIFICATION

I hereby certify that on September 21, 2006, a copy of foregoing **ANSWER, AFFIRMATIVE DEFENSES, SET-OFF and CROSS-CLAIM OF THE DEFENDANT THE DUNLAP CORPORATION f/d/b/a DUNLAP INSURANCE & BONDING and/or DUNLAP CT CORPORATION** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

THE DEFENDANT,
THE DUNLAP CORPORATION F/D/B/A DUNLAP
INSURANCE & BONDING and/or DUNLAP CT
CORPORATION

By: _____
Robert J. Grande, Esq. (ct 21763)
Lustig & Brown, LLP
1177 Summer Street
Stamford, Connecticut 06905
Telephone: (203) 977-7840
Facsimile: (203) 977-8649
rgrande@lustigbrown.com