UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEAN WASTE, INC. | : | |
| Plaintiff, | : | |
| V. | : | CIVIL NO. 3:02-cv-02105 RNC |
| | : | |
| THE CONNECTICUT INDEMNITY COMPANY, INC., FIRST NATIONS FINANCIAL SERVICES, INC., THE DUNLAP CORPORATION f/d/b/a DUNLAP INSURANCE & BONDING and/or DUNLAP CT CORPORATION, BRUEN DELDIN DIDIO ASSOCIATES, INC., and MARINE MGA, INC. | : : : : : : : | |
| Defendants. | : | FEBRUARY 15, 2007 |

## REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:   November 1, 2002   (November 27, 2002)

Dates Complaint Served:   December 9, 2002

Date of Defendants' Appearances:

| | |
|---|---|
| Bruen Deldin Didio Associates, Inc. ("BDD"") | December 20, 2002 |
| The Connecticut Indemnity Company ("CIC") | December 30, 2002 |
| Marine MGA, Inc. ("MGA") | December 30, 2002 |
| The Dunlap Corporation f/d/b/a Dunlap Insurance and Bonding and/or Dunlap Ct Corporation ("Dunlap") | December 30, 2002 |
| First Nations Financial Services, Inc. ("First Nations") | February 25, 2003 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and d. Conn. L. Civ. R. 16, conferences were held via telephone and/or email February 8, 9 & 12, 2007. The participants were:

John L. Senning for Plaintiff Clean Waste, Inc. ("Clean Waste")

James W. Carbin for CIC and MGA

Mary E.R. Bartholic for Bruen

Darren R. Renner for Dunlap

Frank J. Liberty for First Nations

I.  **CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.  **JURISDICTION**

A.  **Subject Matter Jurisdiction**

This Court has jurisdiction over this action under 28 U.S.C.A. §1332 based upon diversity of citizenship of the parties and the amount in controversy.

B.  **Personal Jurisdiction**

Personal jurisdiction and venue lies in this judicial district pursuant to 28 U.S.C.A, §1391 (a) in that a substantial part of the events or omissions giving rise to the claims asserted occurred in this District and/or that all of the Defendants were at all times pertinent doing business within this District.

III.  **BRIEF DESCRIPTION OF CASE**

A.  **Claims Of Plaintiff**

The Plaintiff, Clean Waste, has asserted claims against the Defendants, CIC, MGA, BDD, Dunlap and First Nations in connection with the application for and placement of insurance coverage for the Yacht, M/V "NEWS," owned by Clean Waste and for the various Defendants' respective failure to place initially and renew appropriate insurance coverage in the name of Clean Waste as owner. Clean Waste has also asserted separate claims against CIC and MGA for their respective failure to handle, adjust,

investigate, settle and otherwise defend the personal injury claim asserted against Clean Waste, its principal Frank Perrotti, Jr. and the M/V "NEWS," as a result of which a legal action was brought in Florida against Clean Waste, Frank Perrotti, Jr., and the M/V "NEWS" including its arrest and seizure. Clean Waste has asserted additional CUTPA and CUIPA claims under Conn. Gen. Stat §42-110(a) et seq. and §38a-815 et seq. respectively against MGA and CIC.  Clean Waste has further asserted a claim against CIC for reformation of the marine insurance policy which was issued solely in the name of Frank Perrotti, Jr., which CIC claims is the reason that it denied coverage for the personal injury claims asserted in the Florida action against the Clean Waste and/or the M/M "NEWS" itself.  As a result of a Stipulated Judgment in the amount of $600,000 entered in the Florida action against Clean Waste, Frank Perrotti, Jr. and the M/V "NEWS," Clean Waste is exposed to substantial liabilities for which the Plaintiff seeks compensation from the Defendants herein.

    **B.**    **Defenses to Plaintiff's Claims**

        **1.**    **Defenses of CIC**

CIC relies on all defenses asserted by it in the related matter captioned The Connecticut Indemnity Company v. Frank Perrotti, Jr., Civil Action No. 301 CV 1410 (RNC) (the "CIC Action") and the affirmative defenses raised by CIC in its Answer.  Plaintiff is estopped from bringing this action against CIC as it presents facts and issues identical to those of the CIC Action. The resolution of the CIC case disposes of all claims against CIC in this action.  Defendant CIC intends to file a Motion to Dismiss this action and request the Court's consideration of same at its earliest convenience.

**2.    Defenses of MGA**

MGA relies on all defenses asserted by CIC in the related matter captioned <u>The Connecticut Indemnity Company v. Frank Perrotti, Jr.</u>, Civil Action No. 301 CV 1410 (RNC) (the "CIC Action") and the affirmative defenses raised by MGA in its Answer. Plaintiff is estopped from bringing this action against MGA as it presents facts and issues identical to those of the CIC Action. The resolution of the CIC case disposes of all claims against MGA in this action. Defendant MGA intends to file a Motion to Dismiss this action and request the Court's consideration of same at its earliest convenience.

**3.    Defenses of BDD: In its Answer and Affirmative Defenses, dated August 7, 2003, BDD has asserted the following Affirmative Defenses:**

(a)    The Complaint fails to state a claim upon which relief may be granted;

(b)    The Plaintiff lacks standing;

(c)    Any damages sustained by the Plaintiff were approximately caused by its own negligence;

(d)    The Plaintiff's claim against BDD is barred by the applicable statute of limitations;

(e)    The Plaintiff waived any claim that the provisions of the Policy were inaccurate, incorrect and/or inadequate;

(f)    The Plaintiff's claim is barred by the doctrine of equitable estoppel; and

(g)    The Plaintiff has failed to mitigate its damages.

### 4. Defenses of Dunlap

Dunlap filed an answer to the Plaintiff's complaint in or about September 21, 2006, asserting several affirmative defenses; including res judicata and collateral estoppel based upon the Court's decision and factual findings in the companion matter, *Connecticut Indemnity Company v. Frank Perrotti, Jr.,* U.S.D.C., District of Conn. Case No. 3:01-CV-1410(RNC), as well the statute of limitations. Dunlap has also asserted cross-claims for indemnification against the defendants Marine MGA, Inc., Connecticut Indemnity Company, Inc., and First Nations Financial Services, Inc.

### 5. Defenses and Claims of First Nations

First Nations has denied the allegations based on its procuring a policy in the correct name. Furthermore, the action is barred by the Statute of Limitations and the factual findings in the CIC Action. First Nations Financial Services will also move for Summary Judgment as to the Plaintiff on that ground.

The Cross Claims are all frivolous in nature and presume that the cross claimants have no duty whatsoever to an insured. Furthermore, the Cross Claims fail to state a cause of action and are time barred.

### C. Cross-Claims and/or Defenses to Cross-Claims

#### 1. Cross Claim of MGA

MGA has asserted cross-claims for contribution and/or indemnification against indemnity or contribution from the Defendants BDD, Dunlap and First Nations.

#### 2. Cross Claims of Dunlap

Dunlap has filed cross-claims against MGA, CIC and First Nations for apportionment, contribution and/or indemnification.

D.  **Defenses and Claims of Third Party Defendants**

N/A

IV. **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

Counsel continues to work toward determining whether there are any material facts that are not in dispute and will file a supplementary Rule 26 (f) Report after all parties have an opportunity to review and determine which facts can be established as undisputed by all parties.

V. **CASE MANAGEMENT PLAN**

A.  **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the standing order on scheduling in civil cases [as follows]:

- Discovery Cut-Off Date – 12/30/2007
- Dispositive Motions – 1/30/08

B.  **Scheduling Conference With The Court**

The parties do not request a pretrial conference with the court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.  **Early Settlement Conference**

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice, but do not agree on whether they want the Court to schedule an early settlement

conference.

        2.      The parties do not agree on whether they want the presiding Judge or a Magistrate Judge to preside over the settlement conference if one is scheduled.

        3.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties and Amendment of Pleadings

        1.      Plaintiff should be allowed until April 16, 2007 to file motions to join additional parties and to file motions to amend the pleadings.

        2.      Defendants should be allowed until April 16, 2007 to file motions to join additional parties. Defendants should be allowed until May 16, 2007 to respond to Plaintiff's amended complaint.

### E. Discovery

        1.      The parties anticipate that discovery will be needed on the following subjects (subject to parties' rights to object to discovery and without waiving the parties' rights to seek discovery on additional subjects):

- The circumstances surrounding the application and placement of the Policy
- The issuance and renewal of the Policy
- The investigations made by CIC of the claims made under the Policy
- The attempted rescission of the Policy
- The damages sustained by the Plaintiff
- The set-up of the Plaintiff entity as owner of the Yacht.

a.   The defendant First Nations will need to subpoena and depose Plaintiff's counsel as to his meeting with Jay Lorinsky where he voluntarily produced all of First Nations files to Plaintiff's counsel and some, but not all were returned just prior to the service of a summons and complaint on First Nations. Discovery will also be needed to ascertain upon whose advise Mr. Perrotti relied as to creating a corporation to assume ownership of the vessel, to whom that information was disseminated, and what was the basis for the decision. Sterling Yachts and its principal, Bruce Taylor who is not party to the suit but was responsible for all aspects of the Yacht will also need to be deposed among others.

b.   Defendants CIC and MGA further state that discovery on the renewal and rescission of the subject yacht insurance policy and plaintiff's damages is constrained by the doctrines of res judicata and/or collateral estoppel with respect to the court's decision in the related matter captioned <u>The Connecticut Indemnity Company v. Frank Perrotti, Jr.</u>, Civil Action No. 301 CV 1410 (RNC). Defendants CIC and MGA intend to file a Motion to Dismiss this action and request the Court's consideration of same at its earliest convenience.

   2.   All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b) (4), will be commenced by April 16, 2007 and completed (not propounded) by December 30, 2007.

   3.   Discovery will not be conducted in phases.

   4.   Discovery on will be completed by December 30, 2007.

   5.   The parties anticipate that the Plaintiff will require a total of seven (7) depositions of fact witnesses and the Defendants will require a total of (7) depositions

of fact witnesses. The depositions will commence by April 16, 2007 and be completed by December 30, 2007.

      6.      The parties will request permission to serve more than 25 interrogatories.

      7.      The Plaintiff reserves the right to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 17, 2007. Depositions of any such experts will be completed by October 17, 2007.

      8.      The Defendants reserve the right to call expert witnesses at trial. Any Defendant that intends to call expert witnesses at trial will designate said experts and provide all counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 17, 2007. Depositions of any such experts will be completed by November 17, 2007.

      9.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by May 1, 2007.

      10.      Undersigned counsel are discussing the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties have been unable to reach agreement on the procedures for the preservation, disclosure and management of electronically stored information.

11. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. They have not yet agreed on the procedures for asserting claims of privilege after production. Following is the position of each party:

### F. Dispositive Motions

Dispositive motions will be filed on or before January 30, 2008.

### G. Joint Trial Memorandum

The joint trial memorandum required by the standing order on trial memoranda in civil cases will be filed at least two weeks prior to the assigned trial date.

The case will be ready for trial sixty (60) days after the Court rules on any dispositive motions that are filed.

As officers of the court, undersigned counsel agree to cooperate with each other and the court to promote the just, speedy and inexpensive determination of this action.

Date: February 15, 2007                PLAINTIFF CLEAN WASTE, INC.

                                       By  /s/ John L. Senning
                                       John L. Senning
                                       Senning & Rieder
                                       16 Saybrook Road
                                       Essex, CT 06326
                                       860-767-2618


Date: February 15, 2007                DEFENDANT THE CONNECTICUT
                                       INDEMNITY COMPANY and
                                       MARINE MGA, INC.

                                       By  /s/ James W. Carbin
                                       James W. Carbin
                                       Duane Morris LLP
                                       744 Broad Street, Suite 1200
                                       Newark, NJ 07102-3889
                                       973-424-2000


Date: February 15, 2007                DEFENDANT BRUEN DELDIN DiDIO
                                       ASSOCIATES, INC.

                                       By  /s/ Mary E. R. Bartholic
                                       Mary E. R. Bartholic
                                       Cohn, Birnbaum & Shea, P.C.
                                       100 Pearl Street
                                       Hartford, CT 06103-4500


Date: February 15, 2007                DEFENDANT THE DUNLAP
                                       CORPORATION F/D/B/A DUNLAP
                                       INSURANCE & BONDING and/or
                                       DUNLAP CT CORPORATION

                                       By [signature]
                                       Darren R. Renner
                                       Lustig & Brown LLP
                                       1177 Summer Street
                                       Stamford, CT 06905
                                       203-977-7840

Date: February 15, 2007          DEFENDANT FIRST NATIONS
                                 FINANCIAL SERVICES, INC.


                        By    /s/ Frank J. Liberty
                              Frank J. Liberty
                              The Liberty Law Firm, LLC
                              P.O. Box 2196
                              New London, CT 06320