UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEAN WASTE, INC. | |
| Plaintiff | CIVIL ACTION NO. |
| -against- | 3:02cv02105 (RNC) |
| THE CONNECTICUT INDEMNITY COMPANY, INC., FIRST NATIONS FINANCIAL SERVICES, INC., THE DUNLAP CORPORATION F/D/B/A DUNLAP INSURANCE & BONDING and/or DUNLAP CT CORPORATION, BRUEN DELDIN DiDIO ASSOCIATES, INC., and MARINE MGA, INC. | |
| Defendants | June 29, 2007 |

### DEFENDANT THE DUNLAP CORPORATION f/d/b/a DUNLAP INSURANCE & BONDING and/or DUNLAP CT CORPORATION'S LOCAL RULE 56(a)1 STATEMENT

Pursuant to Local Rule 56(a)1, the defendant THE DUNLAP CORPORATION f/d/b/a DUNLAP INSURANCE & BONDING and/or DUNLAP CT CORPORATION ("Dunlap") hereby submits its statement of material facts which are not in dispute and which support Dunlap's motion for summary judgment:

1. Clean Waste, Inc. is a Cayman Island corporation with a principal business address of One Capital Place, Sheden Road, Georgetown, Cayman Island, B.W.I. Frank Perrotti, Jr. is sole shareholder, sole director and president of Clean Waste, Inc. **Reference:** Complaint, ¶1.

2. In the summer of 1999, Mr. Perrotti hired William Taylor of Sterling Yachts, Inc.

to help locate and acquire a yacht for Mr. Perrotti's personal use. Sterling Yachts is/was a yacht management company. Acting this request, Mr. Taylor found a 121 foot motor yacht which was located at a marina in Newport, Rhode Island. Mr. Perrotti agreed to buy the vessel for $3 million, subject to a pre-purchase survey of the vessel's condition and value. A pre-purchase survey of the vessel was performed by a marine surveyor, Joseph W. Lombardi. **Reference:** Connecticut Indemnity Company v. Frank Perrotti, Jr., 390 F.Supp.2d 158, 160 (Conn. 2005)[1]

3.  Mr. Perrotti wanted to get insurance coverage for the vessel in time for the planned closing on the vessel. In or about September 1999, Mr. Perrotti requested that Mr. Taylor, who represented the interests of Clean Waste and Frank Perrotti Jr. in connection with the purchase of this vessel, take those steps necessary to obtain marine insurance for the purchase of this vessel. Mr. Perrotti told Mr. Taylor to contact Jay Lorinsky of First Nations Financial Services, Inc. Mr. Lorinsky was an insurance broker who had handled insurance matters for Mr. Perrotti in the past. **Reference:** Connecticut Indemnity Company v. Frank Perrotti, Jr., 390 F.Supp.2d 158, 161-162 (Conn. 2005).

---

[1] Dunlap submits that those facts found by the Court in Connecticut Indemnity Company v. Frank Perrotti, Jr., *supra*, are binding upon the plaintiff in this action by virtue of the doctrine of collateral estoppel. Under this doctrine, a plaintiff is prevented from relitigating in a subsequent proceeding an issue of fact or law that was fully and fairly litigated in a prior proceeding. *See* Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288 (2d Cir.2002). Collateral estoppel applies when: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 91 (2d Cir.1997) (internal quotation marks omitted). Under non-mutual collateral estoppel, if a litigant has had an opportunity to fully and fairly litigate an issue and lost, then third parties unrelated to the original action can bar the litigant from relitigating that same issue in a subsequent suit. *See,* United States v. Ustica, 847 F.2d 42, 49 n. 14 (2d Cir.1988).

4. In conjunction with this request, Mr. Taylor provided Mr. Lorinsky with copy the yacht survey prepared by Mr. Lombard as well as a letter outlining Mr. Perrotti's plans for the yacht. The yacht was purchased in the name of Clean Waste, Inc., which became the registered owner. Mr. Perrotti paid the purchase price for the yacht with his own personal funds. *Reference:* Connecticut Indemnity Company v. Frank Perrotti, Jr., 390 F.Supp.2d 158, 162 (Conn. 2005).

5. Scott Hainey is an insurance producer licensed by the State of Connecticut and employed by an insurance brokerage, Bruen, Deldin, Didio Associates, located at 1062 Barnes Road, Wallingford, Connecticut 06492. *Reference:* Affidavit of Scott Hainey dated June 20, 2007 ("Hainey Affidavit"), ¶2[2].

6. Mr. Hainey began working as an insurance producer with Bruen, Deldin, Didio Associates on January 1, 2000. From 1998 until December 31, 1999, he was employed as an insurance producer by The Dunlap Connecticut Corporation in Wallingford, Connecticut. *Reference:* Hainey Affidavit, ¶3.

7. The Dunlap Connecticut Corporation ceased operating as an insurance brokerage in December 31, 1999, when its insurance business was sold to Bruen, Deldin, Didio Associates. After December 31, 1999, the accounts previously handled by The Dunlap Connecticut Corporation, including Mr. Perrotti's account, were transferred to Bruen, Deldin, Didio Associates. *Reference:* Hainey Affidavit, ¶4. *See also,* Affidavit of Gard Estes dated June 26,

---

[2] The Affidavit of Scott Hainey, with exhibits, is attached hereto as **Exhibit 1.**

2007 ("Estes Affidavit"), ¶¶4, 5[3].

8. Following the sale of its insurance agency business to Bruen Deldin Didio Associates, Inc., The Dunlap Connecticut Corporation was dissolved in 2001. **Reference:** Estes Affidavit, ¶6.

9. In early October 1999, Scott Hainey was contacted by Mr. Jay Lorinsky of the defendant First Nations Financial Services, Inc. about assisting in the procurement of insurance for Mr. Perrotti in conjunction with Mr. Perrotti's purchase of a yacht. **Reference:** Hainey Affidavit, ¶5

10. Accordingly, an application for insurance was submitted by Mr. Hainey to the defendant Marine MGA, Inc., which listed Mr. Perrotti as the "applicant." **Reference:** Hainey Affidavit, ¶6

11. On October 14, 1999, Marine MGA, Inc. provided a quotation for the insurance coverage for the yacht. **Reference:** Hainey Affidavit, ¶7.

12. Coverage for Mr. Perrotti was bound by Marine MGA, Inc. on October 26, 1999, with an effective date of October 19, 1999, pursuant to a facsimile transmission from Mr. John Sterling at Marine, MGA, Inc. to The Dunlap Connecticut Corporation. The insurance for the yacht was provided by the defendant The Connecticut Indemnity Company ("CIC"). **Reference:** Hainey Affidavit, ¶8.

13. Mr. Perrotti signed the application form after reviewing its contents, which he

---

[3] The Affidavit of Gard Estes, with exhibit, is attached hereto as **Exhibit 2.**

-4-

found to be accurate. ***Reference:*** Connecticut Indemnity Company v. Frank Perrotti, Jr., 390 F.Supp.2d 158, 164 (Conn. 2005).

14. In May 2001, Mr. Perrotti was made aware of a claim for compensation by Johan Fourie, the yacht's former chief engineer. Mr. Fourie claimed to have slipped and fell on the vessel in April 2000 while engaged in the performance of his duties. The accident had occurred in April 2000 in Newport, Rhode Island, while the vessel was being re-fueled. ***Reference:*** Connecticut Indemnity Company v. Frank Perrotti, Jr, 390 F.Supp.2d 158, 165 (Conn. 2005).

15. In July 2001, CIC advised Mr. Perrotti that the marine insurance policy was being rescinded because of misrepresentations in the application. Mr. Fourie filed suit in the United States District Court for the Southern District of Florida against the vessel (in rem), Clean Waste, Inc., and Mr. Perrotti. Mr. Perrotti, through counsel, demanded that CIC provide Mr. Perrotti with a defense of the *Fourie* action but CIC refused. ***Reference:*** Connecticut Indemnity Company v. Frank Perrotti, Jr., 390 F.Supp.2d 158, 165 (Conn. 2005).

16. In January 2003, the *Fourie* action settled before trial based on a consent judgment. In connection with its defense of the *Fourie* action, Mr. Perrotti and Clean Waste incurred $152,135.58 in legal expenses. ***Reference:*** Connecticut Indemnity Company v. Frank Perrotti, Jr., 390 F.Supp.2d 158, 165-166 (Conn. 2005).

Respectfully submitted,

THE DEFENDANT,
THE DUNLAP CORPORATION f/d/b/a
DUNLAP INSURANCE & BONDING and/or
DUNLAP CT CORPORATION

By: _____
Darren P. Renner, Esq. (ct 15901)
Christopher B. Weldon, Esq. (ct 14128)
James C. Keidel, Esq. (ct 19970)
Robert J. Grande, Esq. (ct 21763)
Lustig & Brown, LLP
1177 Summer Street
Stamford, Connecticut 06905
Telephone: (203) 977-7840
Fax No. (203) 977-8649

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEAN WASTE, INC. | |
| Plaintiff | CIVIL ACTION NO. |
| -against- | 3:02cv02105 (RNC) |
| THE CONNECTICUT INDEMNITY COMPANY, INC., FIRST NATIONS FINANCIAL SERVICES, INC., THE DUNLAP CORPORATION F/D/B/A DUNLAP INSURANCE & BONDING and/or DUNLAP CT CORPORATION, BRUEN DELDIN DiDIO ASSOCIATES, INC., and MARINE MGA, INC. | |
| Defendants | June 29, 2007 |

## CERTIFICATION

I hereby certify that on June 29, 2007, a copy of foregoing **LOCAL RULE 56(a)1 STATEMENT of the defendant THE DUNLAP CORPORATION f/d/b/a DUNLAP INSURANCE & BONDING and/or DUNLAP CT CORPORATION** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

THE DEFENDANT,
THE DUNLAP CORPORATION f/d/b/a
DUNLAP INSURANCE & BONDING and/or
DUNLAP CT CORPORATION

By: _____
Robert J. Grande, Esq. (ct 21763)
Lustig & Brown, LLP
1177 Summer Street
Stamford, Connecticut 06905
Telephone: (203) 977-7840
Fax No. (203) 977-8649