UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CLEAN WASTE, INC.,

    Plaintiff,

v.                                                         CASE NO. 3:02CV2105 (RNC)

FIRST NATIONS FIN.
SERVS., INC.  ET AL

    Defendants.

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT FIRST NATIONS FINANCIAL
<u>SERVICES, INC. MOTION FOR SUMMARY JUDGEMENT</u>

    Frank Perrotti entered into a purchase and sale agreement for the yacht "Sun Chaser" on September 7, 1999. See Exhibit 1 to Affidavit of Frank J. Liberty. Thereafter, Frank Perrotti assigned his interest in the yacht to Clean Waste, Inc., a Cayman corporation in which Mr. Perrotti was the sole shareholder. See Exhibit 2 to Affidavit of Frank J. Liberty.

    Mr. Perrotti placed $200,000.00 in escrow for this purchase through his agent, Bill Taylor of Sterling Yachts. See Exhibit 3 to Affidavit of Frank J. Liberty. Mr. Perrotti also commissioned a yacht survey with Joseph Lombardi that occurred September 14 -21, 1999, prior to assignment.  See Exhibit 4 to Affidavit of Frank J. Liberty.

    Mr. Taylor contacted Jay Lorinsky of First Nations on September 23, 1999 via a fax entitled 'Perrotti-Yacht Purchase Survey". Id.  Mr. Taylor contacted First Nations to obtain insurance coverage. On September 28, 1999, Clean Waste, Inc. was incorporated. See Exhibit 5 to Affidavit of Frank J. Liberty.

First Nations obtained insurance coverage from Liberty Mutual for the Yacht. See Exhibit A to Complaint.  The policy was in the name of Clean Waste, Inc. with a mailing address to Sterling Yachts. See Exhibit 6 to the Affidavit of Frank J. Liberty, Lorinsky Deposition at pages 90-92 and Exhibit A to the Complaint. Another policy was obtained by the Helmsman Agency form CIGNA dated October 15, 1999.  See Exhibit B to the Complaint.   The quote and coverage were both in the name Clean Waste, Inc.

Mr. Perrotti thought the quotes and obtained coverage was too expensive  advised that First Nations to find other insurance.  See Exhibit 6 to the Affidavit of Frank J. Liberty, Lorinsky Deposition at page 57 .  First Nations advised Mr. Perrotti that he would not and advised him that the matter was referred to Mr. Haney at Dunlap.  See Exhibit 6 to the Affidavit of Frank J. Liberty, Lorinsky Deposition at page 57.  Dunlap as the insurance agent of record issued a policy on October 19, 1999 in the name of Frank Perrotti.  See Exhibit D to the Complaint.   Frank Perrotti executed the application in his name, apparently failing to realize the vessel, was no longer in his name.  Id.

The Complaint alleges that First Nations was negligent in that it was hired to and failed to procure adequate and appropriate marine insurance for the Yacht in Clean Waste, Inc.'s name.  See Complaint Paragraph 65.  The problem with this allegation is that the Plaintiff has admitted that First Nations did exactly what it was asked to do, it procured adequate insurance coverage.  The Plaintiff refused the coverage.  See Paragraph 18 of the Complaint.

The Plaintiff was then advised that First Nations would not and could not obtain any other coverage or quotes.  See Exhibit 6 of the Affidavit of Frank J. Liberty , Lorinsky Deposition at page _57.   The matter was referred to Mr. Haney at Dunlap .  See Exhibit

6 to the Affidavit of Frank J. Liberty, Lorinsky Deposition at page 57.

Dunlap was the insurance agent of record for the policy issued.  See Exhibit D to the Complaint.  Not First Nations because it did not procure the policy.

Paragraph 66, a-e allege that First Nations failed inform the Agent of Record, Dunlap of the name of the vessels owner and the navigational limits.  As stated by Mr. Lorinsky,  Sterling Yachts through Bill Taylor managed the vessel and was put in contact with Mr. Haney of Dunlap by First Nations.  See Exhibit 6 to the Affidavit of Frank J. Liberty, Lorinsky Deposition at pages 70-75.  All the written items as set forth above received from Sterling Yachts were faxed to Mr. Haney.  See Exhibit 4. There is no reference in any of those materials to anyone being the owner of the yacht other than "Perrotti".  This is because, all of those documents were created when it was Mr. Perrotti's yacht.   Sterling Yachts did not tell anyone, nor did it correct its correspondence to indicate that while all of the yachts surveys were for Mr. Perrotti, the yacht was owned by Clean Waste, Inc.  Yet, Sterling Yachts was the party who managed the yacht and was involved in its operations of every kind.

Apparently, noone ever asked to see the title or purchase and sale agreement while attempting to procure coverage, while Dunlap sought the coverage.  First Nations faxed the quote to Dunlap showing Clean Waste, Inc. as the insured.  See Exhibit 7 to the Affidavit of Frank J. Liberty.  First Nations told Dunlap of the quotes.  See Exhibit 6 to the Affidavit of Frank J. Liberty, Lorinsky Deposition at page 72.   Yet again in October 2000, a vessel showing ownership by Clean Waste, Inc. was submitted for an addition to the policy and yet neither the successor to Dunlap nor Marine MGA, noticed.  See Complaint paragraphs 42 through 43 and Exhibits E and F thereto.  Apparently,

noone ever read the documents sent to them by First Nations.

In addition, the navigational limits were wrong as prepared by Dunlap.  See Complaint paragraphs 40-41.  The policy procured by Dunlap showing the navigational codes from Maine to Virginia clearly evidences that the survey and Sterling Yacht memos were never read by Dunlap of Marine MGA because as set forth in Exhibit 4 to the Affidavit of Frank J. Liberty, the yacht was clearly going to be in the Caribbean.  And rather than Dunlap denying it received this Exhibit, the Lombardi survey, from the insurance application, we know it did because Exhibit C to the Complaint clearly references the survey and was signed by Scott Haney of the Dunlap Agency.  Clearly, noone ever read the documents that were sent to them by First Nations and Sterling Yachts.

The Complaint seeks damages for all losses sustained by Clean Waste, Inc, for a claim that was noticed in the spring of 2001, for a renewed policy, which First Nations was not involved with. No allegations in the complaint pertain to damages incurred under the policy initially procured by Dunlap.  Under the negligence theory alleged, but for First Nations failing to tell Dunlap in October 1999 that the policy should be in the corporate name, First Nations was responsible for the same error in the policy issued as a renewal. Yet noone has testified that First Nations saw it, was involved in the process.  This despite the fact that an additional vessel was to be  added to Mr. Perrotti's yacht and insured under the name of Clean Waste, Inc. and the navigational codes changed. See Exhibits 9 and 10 to the Affidavit of Frank J. Liberty.  Both those Exhibits show Bruen Deldin and Didio attempting to change one error brought to their attention and both Bruen Deldin and Didio and Marine MGA failing to acknowledge the

ownership of the tender for the Yacht, yet again. All they had to do was read the documents.

Connecticut General Statues Section 52-584 provides for a two year statute for negligence. That period commencing in October 1999 expired in October 2001. This action was filed in November 2002, more than a year after the expiration of the period to bring suit and therefore, any claim is barred.

Connecticut General Statutes Section 52-577 provides for a three year statute for torts. That period to file suit expired in October 2002, prior to this action being filed on November 27, 2002. Therefore, any action for tort is barred.

Finally, the damages sought here is for the failure to obtain insurance in October 2000. The claim for the injury alleged occurred in the spring of 2001 for which the Plaintiff claims there was no insurance. First Nations was not involved in, nor was it requested, to obtain a renewal of insurance. Therefore, it could not have committed any act at that time which could have injured the Plaintiff, as to that policy, the only policy at issue here and the Motion for Summary Judgement should be granted.

The oddest part of the whole matter is that neither Dunlap, the insurer or any other party sought the title for the vessel which was to be insured. Dunlap knew that First Nations had thrown its corporate hands up, Dunlap was to receive the entire commission and the commission for the renewal.

And why would an individual looking at a Yacht Application assume they were to be a named insured when they spent thousands of dollars in legal fees and executed countless documents to make sure that they did not have to be exactly that, the insured. Normally, named insured are just that and never apply for coverage. Nothing

in that application makes any reference to an application for a named insured.  Or, is it just one more person who never read the document?


DEFENDANT

BY:_____/s/_____
    Frank J. Liberty ct14089
    The Liberty Law Firm, LLC
    105 Huntington Street
    New London, CT 06320
    860-437-7722