UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


CLEAN WASTE, INC.,

      Plaintiff,

v.                                       CASE NO. 3:02CV2105 (RNC)

FIRST NATIONS FIN.
SERVS., INC.  ET AL

        Defendants.


LOCAL RULE 56(a)1 STATEMENT


1.  The Complaint in this action was filed on November 27, 2002.  Docket Sheet in Clean Waste, Inc. v. First Nations Fin. Servs. Inc. Et Al.

2.  Frank Perrotti entered into a contract to by Sun Chaser individually.  Exhibit 1 to the Affidavit of Frank J. Liberty; document produced by Robinson & Cole in connected litigation.

3.  Frank Perrotti personally placed a $200,000.00 deposit on said vessel.  See Exhibit 3 to the Affidavit of Frank J. Liberty; document produced by Robinson & Cole in connected litigation.

4.  Frank Perrotti assigned his interest in the purchase agreement for Sun Chaser to Clean Waste, Inc. on September 28, 1999.  See Exhibit 2 to the Affidavit of Frank J. Liberty; document produced by Robinson & Cole in connected litigation.

5.  Prior to the assignment, Frank Perrotti commissioned a Yacht Survey.  See Exhibit 4 to Affidavit of Frank J. Liberty; Complaint paragraph 11.

6.  The survey does not reference Clean Waste, Inc. and only refers to Frank Perrotti.  See paragraph 5.

7  The survey does reference navigational uses in the Caribbean Sea and Gulf of Mexico.  See paragraph 5.

8.  First Nations obtained an insurance policy on the Yacht.  See Plaintiff's Exhibit A to its Complaint.

9.  A second binder was proposed when Liberty Mutual declined to bind the policy.  See Exhibit B to Plaintiff's Complaint.

10.  Frank Perrotti thought the coverage was too expensive and declined the policy.  See Exhibit 6 to the Affidavit of Frank J. Liberty, Lorinsky Deposition at page 57.

11.  The policies obtained by First Nations were in the name of Clean Waste, Inc.  See Exhibits A and B to the Plaintiff's Complaint.

12.  The mailing address for Clean Waste, Inc. was the address for Sterling Yachts and William Taylor.  See Exhibit A to the Plaintiff's Complaint and Exhibit 6 to the Affidavit of Frank J. Liberty, Lorinsky Deposition at pages 90-92.

13.  First Nations advised Frank Perrotti that after he declined the insurance coverage obtained, it would have to refer the matter to another insurance broker.  See Exhibit 6 to the Affidavit of Frank J. Liberty, Lorinsky Deposition at page 57.

14.  First Nations referred the matter to Scott Haney of the Dunlap Agency.  See Exhibit 6 to the Affidavit of Frank J. Liberty, Lorinsky Deposition at page 57.

15.  First Nations provided Dunlap with the pre purchase survey and prior quote to Dunlap.  See Exhibits 6 and 7 to the Affidavit of Frank J. Liberty, Lorinsky Deposition at page 72 and documents produced by First Nations and exhibits to Lorinsky Deposition.

16.  Sterling Yachts and Dunlap were brought together by First Nations.  See Exhibit 6 to the Affidavit of Frank J. Liberty, Lorinsky Deposition at pages 70-75.

17.  Sterling Yachts was the agent for Clean Waste, Inc. and in charge of the management of the Yacht.  See Paragraph 9 of the Plaintiff's Complaint.

18.  Said management of the Yacht included the obtaining of Marine insurance.  See paragraph 9 of the Plaintiff's Complaint.

19.  Dunlap prepared the application for insurance for the Yacht.  See Exhibit C to the Plaintiff's Complaint.

20.  Dunlap's application failed to provide the correct navigation code despite the written reference in the pre purchase survey of the Yacht in Dunlap's possession.  See Exhibit C to the Plaintiff's Complaint and paragraph 15 infra.

21.  Dunlap's application failed to name the correct insured despite being in possession of the prior quotes.  See Exhibit C to the Plaintiff's Complaint and paragraph 15 infra.

22.  Sterling Yacht did not correct the error.

23.  The Yacht application makes no reference to additional insured.  See Exhibit C to

the Plaintiff's Complaint.

24.  A policy was obtained by Dunlap and accepted by Frank Perrotti for insurance. See Exhibit D to the Plaintiff's Complaint.

25.  The agent of record is Dunlap.  See Exhibit D to the Plaintiff's Complaint.

26.  The policy does not provide insurance for the navigational area expressly set out in the documents provided to Dunlap.  See Exhibit D to the Plaintiff's Complaint and paragraph 15 infra.

27.  The policy at issue for the damages was a renewal accepted and paid for in October 2000.  See Paragraph 68g to the Plaintiff's Complaint.

28.  Both the issue of the named insured and the navigational area were raised again and brought to the attention of Dunlap when it added a corporate vessel to an individual's Yacht policy and failed to recognize the issue pertaining to navigational codes.  See Paragraph 68f, 68g and Exhibit E to the Plaintiff's Complaint and Exhibits 9 and 10 to the Affidavit of Frank J. Liberty, both Exhibits to the Depositions of Scott Haney and Mr. Roberts.

29.  First Nations was not the agent of record for the initial or renewal policy.  See Exhibit D to Plaintiff's Complaint.

30.  First Nations was not employed as an agent for Clean Waste, Inc, not the agent of record for any policies obtained in the wrong name, nor its broker.  See Exhibit 6 to the Affidavit of Frank J. Liberty, Lorinsky Deposition.

31.  The Plaintiff knew prior to filing of this lawsuit that the agent it was dealing with was Dunlap and not First Nations.  See Exhibits C and D to Plaintiff's Complaint.

32.  Sterling Yachts, the entity charged with obtaining insurance coverage for the Plaintiff, is not a party to this lawsuit.  See Plaintiff's Complaint generally and paragraph 9.

33.  Sterling Yachts was in possession of the policy, it was available to the Captain of the Yacht, yet never raised the issue of the named insured or navigational limits.  See paragraph 68g to the Plaintiff's Complaint.

DEFENDANT
BY:_____/s/_____
    Frank J. Liberty ct14089
    The Liberty Law Firm, LLC
    105 Huntington Street
    New London, CT 06320
    860-437-7722