IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEAN WASTE, INC., | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:02 CV 2105 (RNC) |
| THE CONNECTICUT INDEMNITY COMPANY, FIRST NATIONS FINANCIAL SERVICES, INC., THE DUNLAP CORPORATION F/D/B/A DUNLAP INSURANCE & BONDING and/or DUNLAP CT CORPORATION, BRUEN DELDIN DIDIO ASSOCIATES, INC. and MARINE MGA, INC., | : LOCAL RULE 56(a)1 STATEMENT |
| Defendants. | : |

**DEFENDANTS THE CONNECTICUT INDEMNITY COMPANY AND MARINE MGA, INC. LOCAL RULE 56(a)1 STATEMENT**

Defendants Connecticut Indemnity Company and Marine MGA, Inc., pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, for their Local 56(a)(1) Statement, contend there is no genuine issue to be tried as to the following material facts.

**A.   BACKGROUND**

1.   Defendant Marine MGA, Inc. ("MGA") is a managing general agency in the business of underwriting marine insurance and is Managing General Agent for Defendant Connecticut Indemnity Company ("CIC"). See a true and correct copy of Managing General Agency Agreement between MGA and CIC, attached hereto as Exhibit A; see also August 9 and 10, 2004 trial testimony of John Sterling, attached hereto as Exhibit B, at 144:18-145:11.

2.   MGA is not licensed to transact insurance business outside the U.S. Ex. B (Sterling Testimony) at 145:12-146:2.

3.  MGA cannot underwrite or bind any foreign owned, foreign registered or foreign based vessels on behalf of CIC. Id.

4.  Plaintiff Clean Waste is a Grand Cayman Corporation. See Clean Waste Complaint, at ¶ 1, attached hereto as Exhibit C.

5.  Plaintiff Clean Waste is solely owned by Frank Perrotti, Jr. ("Perrotti") and Perrotti is the sole director and president of Clean Waste. See August 10, 2004 trial testimony of Frank Perrotti, Jr. at 343:20-345:21 ("Perrotti Testimony"), attached hereto as Exhibit D.

6.  In October of 1999, Perrotti purchased, with his own funds, a 1986 121' Denison yacht and renamed it the NEWS (the "Vessel"). See Ex. D (Perrotti Testimony), at 343:8-346:2.

7.  Perrotti also funded the maintenance and upgrading of the Vessel. Id. at 346:3-6.

8.  The Vessel is registered in the Cayman Islands. See a true copy of the Vessel's Certificate of British Registry, attached hereto as Exhibit E.

**B.  THE APPLICATION**

9.  On or about October 19, 1999, Scott Hainey submitted a Yacht Application ("Application") to MGA for a Marine Hull and Protection and Indemnity insurance policy on the Vessel on behalf of Frank Perrotti. See a true and correct copy of the Application, attached hereto as Exhibit F.

10. At the time Hainey filled out the application, he never had heard of Clean Waste and did not know of Clean Waste. See August 9, 2004 Trial Testimony of Scott Hainey, attached hereto as Exhibit G, at 77:22-78:8.

11. Perrotti signed the Application and certified the information contained in the Application. See Ex. D (Perrotti Testimony), at 352: 12-17; 355:24-356:3.

12. The Application received by MGA states that the name of the applicant is "Frank Perrotti, Jr." with an address at "136 Bradley Rd., Woodbridge, C.T. 06525." See Ex. F (Application).

13. The Application did not mention that "Clean Waste, Inc." is the applicant. Id.

14. The materials received by MGA in connection with the Application did not mention Clean Waste. See Ex. B (Sterling Testimony), at 148:22-149:8.

**C. THE POLICY**

15. Based on the information in the Application, CIC issued Yacht Policy Number YT60731, to Frank Perrotti effective October 19, 1999 through October 19, 2000 (the "Policy"), covering certain maritime risks relating to, *inter alia*, the operation of the Vessel within the navigational limits between Maine and Virginia. See a true copy of the CIC Yacht Policy Number YT60731, attached as Exhibit H; see also Ex. B (Sterling Testimony), at 214: 6-23.

16. The "named insured" listed on the Policy is "Frank Perrotti, Jr." See Ex. H (CIC Policy).

17. MGA never agreed nor intended to agree to insure a corporate owner named Clean Waste, Inc. for the Vessel. See Ex. B (Sterling Testimony), at 171:19-25.

18. When MGA offered to bind coverage, it had no knowledge of a company by the name of Clean Waste. See Ex. B (Sterling Testimony), at 165:5-16.

19. Had MGA known of Clean Waste, it would not have agreed to write the account. Id.

### D.  THE FOURIE CLAIM

20. After the Policy was issued, a claim was submitted under the Policy relative to an injury alleged by Johan Fourie while aboard the Vessel (the "Fourie Claim"). See Amended Complaint for Declaratory Judgment at ¶10, attached hereto as Exhibit I.

### E.  THE CIC ACTION

21. On or about July 26, 2001, CIC filed an Amended Declaratory Judgment Complaint in this Court styled The Connecticut Indemnity Company v. Frank Perrotti, Jr., Civil Action No., 3:02 CV 1410 (RNC)) (the "CIC Action"), seeking a recission of the Policy and a declaration that the Fourie claim was not covered. See Ex. I (Amended Declaratory Judgment Complaint), at ¶¶6-8.

22. On April 8, 2002, the Honorable Donna F. Martinez entered a Scheduling Order in the CIC Action, which, inter alia, provided:

> **Pleadings:** Any motion to amend the complaint or join parties will be filed by the plaintiff no later than July 8, 2002.  Any motion to **amend the answer or join parties will be filed by the defendant no later than July 8, 2002**.

A true and correct copy of the Court's April 8, 2002 Scheduling Order is attached hereto as Exhibit J.

23. On or about April 15, 2002, Perrotti filed an Answer and Counterclaim. See A true and correct copy of Perrotti's Answer, Special Defenses and Counterclaim, attached hereto as Exhibit K.

24. Perrotti never amended its Answer or moved to join additional defendants.

25. In the Counterclaim, Perrotti alleges that CIC neglected and failed to defend Perrotti against the Fourie claim in breach of the Policy terms.  See Ex. K (Perrotti Counterclaim) at ¶ 7.

26.     The Counterclaim avers that Perrotti has an equitable interest and insurable interest in the Vessel because he is the sole owner of Clean Waste.  Ex. K at ¶ 1.

27.     On August 9, 2004, the CIC Action proceeded to a bench trial before the Honorable Robert N. Chatigny, Chief U.S.D.J. and was tried on August 9 and 10, 2004.

28.     Throughout the CIC Action, Perrotti argued that he is the same as Clean Waste. See Ex. D (Perrotti Testimony), at 383:20l.

29.     At trial, Perrotti argued Perrotti is "in fact" Clean Waste.  See Ex. B (Sterling Testimony), at 230:1-15.

30.     At trial, Perrotti testified that he and Clean Waste are the same.  See Ex. D (Perrotti Testimony), at 383:20.

31.     Perrotti testified: "I'm Clean Waste."  Id.

32.     On or about September 30, 2005, the Honorable Robert N. Chatigny entered a Ruling and Order.  A copy of the Court's Ruling and Order is attached as Exhibit L.

33.     The Court concluded the Policy is enforceable.  Id. at p. 14-22.

34.     The Court further concluded that Perrotti is insured under the Policy.  Id. at pgs. 24-26.

35.     The Court found Perrotti's broker Hainey credibly testified that he never heard of Clean Waste and could not have informed MGA or CIC of Clean Waste.  Id. at p. 6-7.

**F.    CLEAN WASTE ACTION**

36.     On or about November 1, 2002, Clean Waste filed this action against CIC, Marine MGA and various insurance broker defendants (the "Clean Waste Complaint").  See Ex. C (Clean Waste Complaint).

37. Clean Waste filed the Complaint after the deadline set forth by the Court's Order in the CIC Action requiring joinder of additional parties or claims by July 8, 2002 had expired. See Ex. J (April 2, 2002 Scheduling Order).

38. Counts Four through Eleven of the Clean Waste Complaint make allegations against Marine MGA or CIC. See Ex. C.

39. The Complaint alleges negligence (Fourth and Sixth Count), breach of contract (Seventh Count), violations of the Connecticut Unfair Trade Practices Act ("CUTPA") and Connecticut Unfair Insurance Practices Act ("CUIPA") (Fifth Count, Eighth through Tenth Count) and Reformation (Eleventh Count). See Ex. C, at pgs. 21-34

40. The facts alleged in the Clean Waste Complaint arise from the same events as the CIC Action: the issuing of the CIC Policy and coverage for the Fourie Claim. Id. at ¶¶25-39.

41. In the Clean Waste Complaint, Clean Waste alleges damages for CIC's breach its obligation under the Policy by "rescinding the [] Policy and declining coverage for the Fourie claim." Id. at ¶ 69.

42. Likewise, in its Counterclaim in the CIC Action, Perrotti alleged damages for CIC's breach of the Policy by failing to defend Perrotti against the Fourie claim. See Ex. K (Perrotti Counterclaim) at ¶ 7.

43. In the Clean Waste Complaint, Clean Waste seeks to reform the Policy to show Clean Waste as the insured. Ex. C, Complaint at ¶67.

44.    In the CIC Action, the Court found Perrotti is the insured.  <u>See</u> Ex. L, pgs. 24-26.

Dated: Newark, New Jersey
       July 2, 2007

By:   /s / James W. Carbin\_\_\_
James W. Carbin (CT13762)
**DUANE MORRIS LLP**
744 Broad Street, Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Attorneys for and The
Connecticut Indemnity
Company and Marine MGA, Inc.