70. As a consequence of such negligent acts or omission on the part of the Defendant, Clean Waste, Inc. has been denied the appropriate marine insurance which was requested to be obtained by the Defendant and as a further result stands exposed to damages potentially in excess of $1,700,000 and the incursion of legal fees and expense of $300,000.

WHEREFORE, CLEAN WASTE, INC. CLAIMS DAMAGES AGAINST THE DEFENDANT THE DUNLAP CORPORATION F/D/B/A DUNLAP INSURANCE & BONDING AND/OR DUNLAP CT CORPORATION THE FOLLOWING AS APPLICABLE:

1) Just, fair and reasonable monetary damages of $2,150,000;
2) Prejudgment interest in accordance with Conn. Gen. Stat. §37-3a;
3) Costs and expenses of suit;
4) Attorneys fees; and
5) Such other relief, interim, temporary or permanent, in law or in equity as the Court deems appropriate to prescribe and protect the Plaintiff's rights.

### THIRD COUNT - Against Bruen Deldin DiDio Associates, Inc.

1. - 70. Paragraphs 1 - 70 of the Second Count of this Complaint against Dunlap as set forth above are hereby incorporated by reference as paragraphs 1 - 70 of this Third Count against Defendant Bruen Deldin DiDio Associates, Inc. ("BDD").

WHEREFORE, CLEAN WASTE, INC. CLAIMS DAMAGES AGAINST THE DEFENDANT, BRUEN DELDIN DiDIO ASSOCIATES, INC. THE FOLLOWING AS APPLICABLE:

1) Just, fair and reasonable monetary damages of $2,150,000;
2) Prejudgment interest in accordance with Conn. Gen. Stat. §37-3a;

3)      Costs and expenses of suit;

4)      Attorneys fees; and

5)      Such other relief, interim, temporary or permanent, in law or in equity as the Court deems appropriate to prescribe and protect the Plaintiff's rights.

### FOURTH COUNT - Against Marine MGA, Inc.

1. - 67. Paragraphs 1 - 67 of the Second Count of this Complaint against Dunlap as set forth above are hereby realleged and incorporated by reference as paragraphs 1 - 67 of this Fourth Count of this Complaint against Defendant Marine MGA, Inc. (herein after referred to as the "Defendant").

68. By reason of its engagement by Dunlap, and subsequently BDD as successor to Dunlap, to procure adequate and appropriate marine insurance coverage for a yacht of the size, value and nature as the M/Y "NEWS" the Defendant, Marine MGA, as an insurance agency and/or brokerage specializing in marine insurance owed a duty to Dunlap, BDD, First Nations and Sterling to exercise a higher duty of care and due diligence with respect to the proper and accurate application, placement, obtaining, issuing, maintenance and renewal of marine insurance.

69. By virtue of Defendants Dunlap and BDD's acknowledged and disclosed lack of expertise and experience in dealing with the application, placement and obtaining, etc. of marine insurance for a yacht of the size, value and nature of the M/Y "NEWS" as well as its intended use, Defendant Marine MGA had a duty to determine and verify the accuracy of the information made available to it by Dunlap and/or BDD as well as clearly and unequivocally explain the potential consequences of any inaccuracies, misstatements or omissions of facts or other particulars of the Yacht which might be considered material to an underwriter in determining whether to accept a particular risk.

21

70. By virtue of Defendant Dunlap's acknowledged unfamiliarity with the process of obtaining appropriate insurance coverage for a yacht similar to the M/Y "NEWS" and the absence of any appropriate application form, Dunlap requested and Defendant Marine MGA provided Dunlap with the form of its Yacht Application.

71. By reason of its engagement to procure appropriate and adequate marine insurance coverage for a yacht such as the M/Y "NEWS", Defendant Marine MGA had a duty to exercise reasonable care and due diligence to the proper and accurate application, placement, insurance, maintenance and renewal of such insurance for the M/Y "NEWS".

72. Defendant Marine MGA breached the duty of care as alleged above in paragraphs 68 - 71 and was negligent with respect to its acts and/or omissions in connection with same in one or more of the following ways:

 a) It failed and/or neglected to advise or inform as to what information or facts, if any, beyond those set for the in the information provided to it might be material to the application, placement and issuing process.

 b) It failed and/or neglected to advise or inform that the issue of the Yacht's registration (either state, national or foreign country) might be a material factor in the application, placement and issuing process when it knew or should have known, based upon the documents made available to it, that the issue of foreign or U.S. registration was a matter under consideration by the purchaser.

 c) It failed and/or neglected to advise or inform that the manner of ownership either individual, corporate (either domestic or foreign) might be a material factor in the application, placement and issuing process, when it knew or should have known based upon the documents

22

made available to it that the manner of ownership would have to have been a matter to be determined in connection with the registration issue since the Yacht could not have maintained its foreign registration if owned by an individual U.S. citizen.

    d)    It failed and/or neglected to inquire if Defendant Dunlap or BDD at any point in the application, placement or issuing process as to what determination or decision had been reached with respect to the issue presented above in c) and d) and/or to inform or advise of any particular consequence that might be relevant in making a decision with respect to same.

    e)    It failed to act or respond to the repeated requests for confirmation of the navigation area for the Yacht and to the repeated requests for confirmation that the navigation area include the waters of Florida, the Bahamas and the Caribbean.

    f)    It failed to issue endorsements confirming the navigation area referred to above in paragraph e) after having belatedly and repeatedly confirmed that said navigation area was included in the coverage or would be added.

    g)    It failed to timely act or respond to the repeated requests for addition of the Yacht's new $83,000 tender under the then existing or renewing policy or under a separate policy if require.

    h)    It failed to issue endorsements to the existing policy or include in the renewing policy coverage for the Yacht's new tender after belatedly, repeatedly confirming and assuring that such coverage was in place.

73.    As a consequence of such negligent acts or omissions on the part of the Defendant, Clean Waste Inc. and/or Perrotti have been denied the appropriate marine insurance coverage for the Yacht which was requested and agreed to be provided by the Defendant and as a direct result

23

thereby stand exposed to potential damages in excess of $1,700,000 and the incursion of legal fees and expenses in excess of $300,000 in connection with the Fourie claims.

WHEREFORE CLEAN WASTE, INC. CLAIMS DAMAGES AGAINST MARINE MGA, INC. THE FOLLOWING AS APPLICABLE:

1) Just, fair and reasonable monetary damages of $2,150,000;

2) Prejudgment interest in accordance with Conn. Gen. Stat. §37-3a;

3) Costs and expenses of suit;

4) Attorneys fees; and

5) Such other relief, interim, temporary or permanent, in law or in equity as the Court deems appropriate to prescribe and protect the Plaintiff's rights.

### FIFTH COUNT - Against Marine MGA, Inc.

1.-73. Paragraphs 1 - 73 of the Fourth Count of this Complaint against Marine MGA, Inc. are realleged herein as paragraphs 1 - 73 of this Fifth Count against Defendant Marine MGA as if fully set forth herein.

74. At and during the times alleged in this Fifth Count the Defendant's course of conduct occurred in trade or commerce in Connecticut within the meaning of and as defined by Conn. Gen. Stat. §42-110a et seq. ("CUTPA").

75. At and during the times alleged in this Fifth Count, the Defendant engaged in unfair and deceptive acts or practices in trade or commerce, including but not limited to:

24

a)  Making or causing to be made, directly or indirectly, explicitly or by implication, representations which were material, false and likely to mislead the Plaintiff and/or those acting on its behalf.

b)  Engaging in immoral, unethical conduct and/or unscrupulous practices with respect to commitments, assurances and obligations arising out of or relating to the application, placement, obtaining, maintaining, and/or renewal of and/or for marine insurance for the Yacht.

c)  Engaging in immoral, unethical conduct and/or unscrupulous practices with regard to concealing and/or failing to disclose the need for certain information or facts which under the pertinent circumstances might have been material to the application, placement, obtaining, maintaining and/or renewal of and/or for marine insurance for the Yacht.

d)  Engaging in immoral, unethical conduct and/or unscrupulous practices which induced the Plaintiff and/or those acting on its behalf to not continue in force other marine insurance coverage which was already in place for the Yacht.

76. The actions of the Defendant Marine MGA, Inc. violate Conn. Gen. Stat. §42-110 et seq. ("CUTPA") which prohibits inter alia, unfair and/or deceptive acts or practices in the conduct of any trade or commerce.

77. As a direct and proximate result of the unfair and/or deceptive acts or practices of the Defendant, the Defendant has caused Plaintiff ascertainable monetary loss and damages, including consequential damages resulting from the rescission of the subject marine insurance policy and the declination of coverage with respect to claims submitted in connection therewith.

WHEREFORE, THE PLAINTIFF CLAIMS AGAINST THE DEFENDANT MARINE MGA, INC. THE FOLLOWING AS APPLICABLE:

1) Just, fair and reasonable monetary damages of $2,150,000;

2) Prejudgment interest in accordance with Conn. Gen. Stat. §37-3a;

3) Damages pursuant to C.G.S. §42-110g(2)

4) Costs and expenses of suit;

5) Punitive and exemplary damages;

6) Attorneys fees pursuant to C.G.S. §42-110g(d);

7) Punitive damages pursuant to C.G.S. §42-110g(a)

8) Costs pursuant to C.G.S. §42-110g(d); and

9) Such other relief, interim, temporary or permanent, in law or in equity as the Court deems appropriate to prescribe and protect the Plaintiff's rights.

In accordance with Conn. Gen. Stat. §42-110g(c), at the filing of the CUTPA Cause of Action, Plaintiff mailed a copy of the Complaint to the Attorney General and the Commissioner of Consumer Protection.

### SIXTH COUNT - Against The Connecticut Indemnity Company

1. - 67. Paragraphs 1 - 67 as set forth above in the First Count of this Complaint are hereby realleged and incorporated as paragraphs 1 - 67 of this Sixth Count hereby asserted against the Defendant, The Connecticut Indemnity Company (hereinafter referred to as the "Defendant" and/or "CIC") as if fully set forth herein.

26

68. The Defendant Marine MGA, Inc. is an underwriting agent for the Defendant CIC and as a consequence thereof the Defendant CIC is responsible for the negligent acts or omissions of Marine MGA, Inc.

69.-74. Paragraphs 68 - 73 of the Fourth Cause of Action of this Complaint are realleged herein as paragraphs 69-74 of this Sixth Cause of Action against Defendant CIC as if fully set forth herein.

WHEREFORE THE PLAINTIFF, CLEAN WASTE, INC. CLAIMS AGAINST THE DEFENDANT, THE CONNECTICUT INDEMNITY COMPANY THE FOLLOWING AS APPLICABLE:

1) Just, fair and reasonable monetary damages of $2,150,000;

2) Prejudgment interest in accordance with Conn. Gen. Stat. §37-3a;

3) Damages pursuant to C.G.S. §42-110g(2)

4) Costs and expenses of suit;

5) Punitive and exemplary damages;

6) Attorneys fees pursuant to C.G.S. §42-110g(d);

7) Punitive damages pursuant to C.G.S. §42-110g(a)

8) Costs pursuant to C.G.S. §42-110g(d); and

9) Such other relief, interim, temporary or permanent, in law or in equity as the Court deems appropriate to prescribe and protect the Plaintiff's rights.

## SEVENTH COUNT - Against The Connecticut Indemnity Company

1.- 67.  Paragraphs 1-67 of the First Count of this Complaint are hereby realleged and incorporated by reference as paragraphs 1-67 of this Seventh Count asserted herein against Defendant The Connecticut Indemnity Company (hereinafter referred to as the "Defendant" and/or "CIC").

68.  Having issued the subject marine insurance policy for which the Plaintiff paid eth amount of premium due for same, the Defendant was only entitled to cancel the contract, rescind it and/or decline coverage for same for reasonable, just and legal cause.

69.  The Defendant's action in rescinding the subject policy and declining coverage for the Fourie claim constituted a breach of contract and its obligation to defend the Plaintiff against just claims and to respond to claims otherwise covered under the policy.

70.  The Defendant's action in rescinding the subject policy and declining coverage for the Fourie claim was wrongful and unjustified in that the reasons expressly set forth in its notification of such action were erroneous, inaccurate, untrue, immaterial and/or insufficient to support such action in the following respects:

   a)  The Defendant and/or its agent Marine MGA, Inc. knew, had reason to know and/or should have, in the exercise of reasonable and prudent business skills, known that the Yacht was owned by the Plaintiff.

   b)  The Defendant and/or its agent Marine MGA, Inc., knew, had reason to know and/or should have, in the exercise of reasonable and prudent business skills, known that the Yacht was intended to be used in the navigable waters of Florida.

28

c) The Defendant and/or its agent Marine MGA, Inc. was repeatedly requested to confirm coverage for navigation in the waters from New England to and including the waters of Florida.

d) The Defendant and/or its agent Marine MGA, Inc. knew, had reason to know and/or in the exercise of reasonable and prudent business skills, should have known that the Yacht might not be registered as a U.S. Yacht and might not have been owned by an individual.

e) The Defendant had no legally justifiable or reasonable basis to assert that the Yacht was not home ported in Rhode Island, that it had been used at any time in the Caribbean or that it had navigated outside the waters of the United States at any time.

71. As a direct and proximate cause of the Defendant's breach of contract and wrongful conduct as alleged above, the Plaintiff has sustained damages including but not limited to the loss of use of the Yacht, the claims asserted by Fourie, including the exposure to a possible judgment of as much as $1,700,000 plus punitive damages for failure to pay maintenance and cure and medical expenses, and approximately $300,000 in legal fees and expenses incurred in connection with same.

WHEREFORE THE PLAINTIFF, CLEAN WASTE, INC. CLAIMS AGAINST THE DEFENDANT, THE CONNECTICUT INDEMNITY COMPANY THE FOLLOWING AS APPLICABLE:

1) Just, fair and reasonable monetary damages of $2,150,000;

2) Prejudgment interest in accordance with Conn. Gen. Stat. §37-3a;

3) Costs and expenses of suit;

4) Attorneys fees; and

29

5) Such other relief, interim, temporary or permanent, in law or in equity as the Court deems appropriate to prescribe and protect the Plaintiff's rights.

### EIGHTH COUNT - Against The Connecticut Indemnity Company

1.- 71. Paragraphs 1 - 71 of the Seventh Count of this Complaint are hereby incorporated by reference as paragraphs 1 - 71 of this Eighth Count against the Defendant The Connecticut Indemnity Company ("hereinafter referred to as the "Defendant" and/or "CIC").

72. At all relevant times herein the Defendant was engaged in a trade or business as those terms are defined in Conn. Gen. Stat. §42-110a, in the State of Connecticut.

73. The actions of the Defendant in failing to pay the medical expenses of and maintenance and cure for Fourie, in failing to provide a defense to the legal action asserted against Clean Waste, Inc. and Perrotti and in rescinding the subject insurance policy constitute violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110 a *et seq*. for the reasons set forth in paragraph 70 of the Sixth Count of this Complaint against CIC which paragraph is incorporated in full by reference as if fully set forth herein.

WHEREFORE THE PLAINTIFF, CLEAN WASTE, INC. CLAIMS AGAINST THE DEFENDANT, THE CONNECTICUT INDEMNITY COMPANY THE FOLLOWING AS APPLICABLE:

1) Just, fair and reasonable monetary damages of $2,150,000;

2) Prejudgment interest in accordance with Conn. Gen. Stat. §37-3a;

3) Damages pursuant to C.G.S. §42-110g(2)

4) Costs and expenses of suit;

5) Punitive and exemplary damages;

6) Attorneys fees pursuant to C.G.S. §42-110g(d);

7) Punitive damages pursuant to C.G.S. §42-110g(a)

8) Costs pursuant to C.G.S. §42-110g(d); and

9) Such other relief, interim, temporary or permanent, in law or in equity as the Court deems appropriate to prescribe and protect the Plaintiff's rights.

### NINTH COUNT - Against The Connecticut Indemnity Company

1.-71. Paragraphs 1 - 71 of the Seventh Count of this Complaint are hereby incorporated by reference as paragraphs 1 - 71 of this Ninth Count of this Complaint against the Defendant CIC as if fully set forth herein.

72. At all relevant times herein the Defendant was engaged in the business of insurance.

73. The actions of the Defendant in failing to pay the medical expenses of Fourie, failing to provide maintenance and cure, failing to provide a defense to the legal action asserted by him, declining coverage for the claim and rescinding the subject Yacht Policy constitute violations of the Connecticut Unfair Insurance Practices Act, Conn. Gen. Stat. §38a-815 et seq. ("CUIPA") in that they are unfair and deceptive acts or practices in the business of insurance.

74. The Defendant has made a general business practice of using its position as a marine insurance company in the fashion described above.

75. The Plaintiff has suffered severe damages and ascertainable losses as a consequence of the Defendants acts and/or practices.

31

WHEREFORE, THE PLAINTIFF, CLEAN WASTE, INC. CLAIMS AGAINST THE DEFENDANT, THE CONNECTICUT INDEMNITY COMPANY THE FOLLOWING AS APPLICABLE:

1. Money damages;
2. Punitive damages;
3. Attorneys fees;
4. Costs and Expenses of this Action;
5. Interest pursuant to C.G.S. §37-3a;
6. Punitive Damages pursuant to C.G.S. §38a-815 et seq.;
7. Such other relief, interim, temporary or permanent, in law or in equity as the Court deem appropriate to prescribe and protect the Plaintiff's rights.

### TENTH COUNT - Against Marine MGA, Inc.

1.-72. Paragraphs 1 - 72 of the Ninth Count of this Complaint against Defendant Marine MGA, Inc. are hereby realleged and incorporated by reference as paragraphs 1 - 72 of this Ninth Count of this Complaint against Defendant Marine MGA, Inc. as if fully set forth herein.

73. The Actions of the Defendant as alleged above in paragraphs 1 - 72, constitute violations of the Connecticut Unfair Insurance Practices Act, Conn. Gen. Stat. §38a-815 et seq. ("CUIPA") in that they are unfair and deceptive acts or practices in the business of insurance.

74. The Defendant has made a general business practice of using its position as a marine insurance company in the fashion described above.

32

75. The Plaintiff has suffered severe damages and ascertainable losses as a consequence of the Defendant's acts and/or practices.

WHEREFORE, THE PLAINTIFF, CLEAN WASTE, INC. CLAIMS AGAINST THE DEFENDANT, THE CONNECTICUT INDEMNITY COMPANY THE FOLLOWING AS APPLICABLE:

1. Money damages;
2. Punitive damages;
3. Attorneys fees;
4. Costs and Expenses of this Action;
5. Interest pursuant to C.G.S. §37-3a;
6. Punitive Damages pursuant to C.G.S. §38a-815 et seq.;
7. Such other relief, interim, temporary or permanent, in law or in equity as the Court deem appropriate to prescribe and protect the Plaintiff's rights.

### ELEVENTH COUNT - Against The Connecticut Indemnity Company

1.-64. Paragraphs 1-64 of the First Count of this Complaint are hereby realleged and incorporated by reference as paragraphs 1 - 64 of this Eleventh Count against Defendant The Connecticut Indemnity Company (hereinafter referred to as the Defendant and/or "CIC).

65. The Plaintiff as the owner of the Yacht had an insurable interest in it which could have and should have been insured and covered under the subject marine insurance policy without increasing the risk to the Defendant, exposing the Defendant to greater liability or requiring any materials, changes or different provisions under the policy as issued.

66. The Plaintiff was not named as an injured party in the subject policy due to reasons not within its control and not as a consequence of any act or omission on its part.

67. As a matter of law and equity, the subject marine insurance policy should be reformed so as to include the Plaintiff as a named insured so as to entitle the Plaintiff to the benefits of the coverage to which it should have been otherwise entitled.

WHEREFORE THE PLAINTIFF, CLEAN WASTE, INC. DEMANDS:

1. A Judgment of this Court ordering and/or declaring that the subject marine insurance policy, as a matter of law and equity, be reformed so as to include the Plaintiff, Clean Waste, Inc. as a named insured entitled to the benefits of the coverage provided thereby.

2. Costs.

3. Such other and further relief in law or in equity as the Court deems just and proper.

### DEMAND FOR JURY

The Plaintiff, Clean Waste, Inc. hereby demands that the matters at issue in this Complaint be heard and determined by a Jury.

THE PLAINTIFF
CLEAN WASTE, INC.

BY _____
John L. Senning, Esq. of
Senning & Rieder
16 Saybrook Road
Essex, CT 06426
Tel.: (860) 767-2618
Federal Bar # CT05807
--It's Attorneys--

34