# EXHIBIT I



Samuel B. Mayer, Esq. (CT14821)
46 Woodbury Avenue
Stamford, Connecticut 06907
(203) 324-0711

     -and-

James W. Carbin, Esq. (CT13762)
DUANE, MORRIS & HECKSCHER LLP
One Riverfront Plaza
Newark, New Jersey 07102
(973) 424-2000

Attorneys for Plaintiff,
The Connecticut Indemnity Company

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CONNECTICUT INDEMNITY COMPANY, <br><br>        Plaintiff, <br><br> v. <br><br> FRANK PERROTTI, JR., <br><br>        Defendant. | Index No. 301 CV 1410 RNC <br><br> **AMENDED COMPLAINT FOR DECLARATORY JUDGMENT IN ADMIRALTY** |

     Plaintiff, The Connecticut Indemnity Company, by its attorneys, Duane, Morris &

Heckscher LLP, as and for its Complaint for a declaratory judgment against defendant

respectfully alleges on information and belief as follows:

     1.     Plaintiff brings this action for a declaratory judgment pursuant to 28 U.S.C.

§ 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.

2.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty jurisdiction of this Court pursuant to

28 U.S.C. § 1333.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4.      Plaintiff, Connecticut Indemnity Company ("CIC") is a corporation organized and

existing pursuant to the laws of one of the states of the United States with an office and place of

business at 9 Farm Springs Road, Farmington, Connecticut and, is in the business of writing,

*inter alia*, marine insurance.

5.      Defendant Frank Perrotti, Jr. ("Perrotti") is an individual resident at 136 Bradley

Road, Woodbridge, Connecticut 06525.

## FACTS

6.      On or about October 19, 1999, Perrotti submitted a Yacht Application to Marine

MGA, Inc., an underwriting agent for Plaintiff CIC,  for the purpose of obtaining  a Marine Hull

and Protection & Indemnity insurance policy on a 1986 121' Denison Yacht (the "Yacht").  A

copy of the Application submitted by Perrotti is annexed hereto as Exhibit A.

7.      The Application submitted by Perrotti represented that the insurance was for the

interest of Defendant Perrotti, that the Yacht was to be homeported in the state of  Rhode Island,

was registered in the United States and would navigate the U.S. coastal waters of New England.

8.      Following review of the Application and in reliance upon the representations in

the Application, Marine MGA determined to accept the risk as described in the Application on

behalf of CIC.  Accordingly, CIC issued Yacht Policy YT60731 effective 10-19-99 to 10-19-

2000 (the "Policy") to Plaintiff Perrotti covering against certain maritime risks relating, *inter*

*alia*, to the operation of the Yacht within the prescribed navigational waters between Maine and

Virginia. A copy of the Policy is annexed hereto as Exhibit B.

      9.     Thereafter, a claim was submitted under the Policy relative to an injury allegedly

sustained by one Johan Fourie (the "Fourie claim") while aboard the Yacht.

      10.    During the investigation of the Fourie claim, it was determined that, contrary to

the representations in the Application, Perrotti did not or does not own the Yacht, that the Yacht

was not registered in the United States, was not homeported in Rhode Island, and was not being

operated in the policy navigational limits.

      11.    While CIC was investigating the Fourie claim, another claim relative to an injury

allegedly sustained by one Terrence Pope while aboard the Yacht (the "Pope claim") was

presented under the Policy. Like the Fourie claim, the Pope claim is alleged to have occurred

while the Yacht was owned and operated by Clean Waste, Inc., and not by Perrotti. The alleged

injury occrred while the Yacht was in Florida.

      12.    Previous to learning the Perrotti did not own the Yacht, that the Yacht was not

registered in the United States, was not homeported in Rhode Island, and was being navigated

outside the Policy navigational limits, CIC had been presented with an earlier claim for damage

to the Yacht's propellers, shafts and port main strut as the result of grounding or striking a

submerged object discovered on February 14, 2001, when the Yacht was drydocked (the "Rudder

claim"), for which CIC paid in the amount of $26,162.29 on or about April 6, 2001.

      13.    Payment for the Rudder claim was made under a mistake of fact and while

material information relative to the vessel risk was non-disclosed or withheld from CIC, and

therefore should be refunded.

      14.    The Policy contains a Transfer of Interest clause which provides as follows:

> This Policy will be void if your yacht is sold, assigned, transferred, or pledged without our previous permission in writing.

15.     In the alternative, if it is determined that Perrotti had an interest in the Yacht at the time the insurance was applied for and subsequently transferred such interest, such a transfer was done in violation of the Transfer of Interest clause thereby voiding the coverage, requiring that the Fourie and Pope claims be denied and that the Rudder claim be refunded to CIC.

## FIRST CAUSE OF ACTION

16.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15, inclusive, of this Complaint as if fully set forth at length herein.

17.     The Policy issued by CIC was a marine insurance policy subject to the doctrine of UBERRIMAE FIDEI.

18.     Defendant Perrotti breached the doctrine of Utmost Good Faith requiring that the claim be denied or the Policy be declared void *ab initio* or both.

## SECOND CAUSE OF ACTION

19.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18, inclusive, of this Complaint as if fully set forth at length herein.

20.     Defendant made material misrepresentations, failed to disclose, concealed or withheld information material to the risk in the Application.

21.     In reliance upon Defendant's material misrepresentations, non-disclosures, concealment or withholding, Plaintiff issued the Policy to Defendant.

22.     In light of Defendant's conduct and omissions concerning information material to the risk in the Application, the Policy should be voided *ab initio*. CIC hereby tenders return

- 4 -

payment of the premium for the Policy in full to be offset by the refund of the Rudder claim, and prays this Court to declare the Policy void *ab initio.*

## THIRD CAUSE OF ACTION

23.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22, inclusive, of this Complaint as if fully set forth at length herein.

24.     The Policy contains certain express and implied warranties which have either not been fulfilled or have been breached.

25.     By reason of the foregoing, the claims are not covered and Plaintiff asks the Court to declare that Plaintiff has no obligation to indemnify Defendant relative to any claims submitted and to refund the claim previously paid.

## FOURTH CAUSE OF ACTION

26.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25,  inclusive, of this Complaint as if fully set forth at length herein.

27.     The Policy conditions including, *inter alia*, the conditions relative to the Yacht's ownership, registry, homeport and navigational waters that have either not been fulfilled or have been breached.

28.     By reason of the  lack of compliance with the Policy conditions, the claims are not covered under the Policy, and Plaintiff asks the Court to declare that Plaintiff has no obligation to defendant and is entitled to a refund of the claim previously paid.

## FIFTH CAUSE OF ACTION

29.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth at length herein.

30.    The claims relative to Johan Fourie, Terrence Pope and the Rudder claim have not

been shown to have occurred within the scope of the coverage afforded by the Policy requiring

that the claims be denied and that the Rudder claim be refunded.

### SIXTH CAUSE OF ACTION

31.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 30, inclusive, of this Complaint as if fully set forth at length herein.

32.    The claims are not of the type covered under the Policy and requires they be

denied.

33.    By reason of the foregoing, the claim is not covered by the Policy, and Plaintiff

asks the Court to declare that Plaintiff has no obligation to indemnify defendant.

### SEVENTH CAUSE OF ACTION

34.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 33, inclusive, of this Complaint as if fully set forth at length herein.

35.    The Policy was issued to insure the interest of Frank Perrotti, Jr. who did not or

does not possess an interest in the Yacht. Accordingly, the Policy is of no effect and/or is void as

a matter of law and and/or as the result of the Transfer of Interest clause. Any premium paid

thereunder is hereby tendered and to be offset against the refund due from Perrotti relative to the

Rudder claim previously paid mistakenly by CIC.

**WHEREFORE**, Plaintiff, The Connecticut Indemnity Company demands judgment of

this Court against Defendant declaring that plaintiff is under no duty to defendant under the

Policy; that the Policy is void *ab initio* or is unenforceable; that Plaintiff is entitled to a refund in

the amount of $26,162.29 for the amount paid on the Rudder claim; that Plaintiff has no

- 6 -

responsibility as to the claims of either Johan Fourie or Terrence Pope; and for such other and

further relief as this Court deems just and proper, together with the costs and disbursements of

this action.

Dated:     Newark, New Jersey
           August 16, 2001


                              DUANE, MORRIS & HECKSCHER LLP
                              Attorneys for Plaintiff,
                              The Connecticut Indemnity Company


                              By: _____
                                   James W. Carbin (CT13762)
                              One Riverfront Plaza
                              Newark, New Jersey 07102
                              (973) 424-2000

NWK\38255.1

- 7 -

# EXHIBIT A

# YACHT APPLICATION

## VESSELS WITH RATED SPEEDS IN EXCESS OF 50 MPH ARE INELIGIBLE FOR COVERAGE

NAME OF APPLICANT: *Frank Perotti Jr* ___ ZIP:

ADDRESS: *136 Bradley Rd., Woodbridge, Ct. 06525*

EFFECTIVE DATE: *10/19/99*   TERM: 1 YEAR (12:01 A.M. STANDARD TIME AT PLACE OF ISSUANCE).

| PREMIUM | COVERAGE | LIMITS OF LIABILITY | |
|---|---|---|---|
| A. | HULL (INCLUDING EQUIPMENT AND MACHINERY) | $ *3,750,000* | AGREED VALUE $ |
| | MOTOR(S) (OUTBOARDS ONLY ACV) | | |
| B. | PROTECTION & INDEMNITY | $ *5,000,000* | PER OCCURRENCE |
| | PRIMARY MEDICAL PAYMENTS | $2,000 (included in P & I Coverage) | PER ACCIDENT $ |
| | EXCESS MEDICAL PAYMENTS | $ | $ |
| D. | TRAILER | $ | $ |
| E. | OTHER | $ | |

TRAILER DED: $100.   TOTAL PREMIUM: $

HULL DEDUCTIBLE: $ *25,000*

BUILDER: *Denison Marine*   HULL # OR SERIAL #: *905971*   YEAR: *19FF*   LENGTH: *121'00"*
TYPE: *___*   MATERIAL: *Aluminum*   NAME: *___*   MODEL: *___*
COST TO PRESENT OWNER: $ *3,900,000*   DATE PURCHASED: *10/1/99*
LOSS PAYEE: ___
ADDRESS: ___

ENGINE(S): YR. ___ H.P. ___ MFG.-MODEL: ___ SER #: ___ MAX. SPEED: ___ FUEL: ___

YR. ___ H.P. ___ MFG.-MODEL: ___ SER #: ___

*See Survey on file*   VALUE: $ ___   MOTOR: ___ VALUE: $ ___

TENDER: LENGTH: ___ MFG: ___
TRAILER YEAR: ___ MFG: ___   DATE LAST SERVICED: ___

NO. & TYPE OF EXTINGUISHERS: ___
BUILT IN CO? ☐ YES ☐ NO. IF YES, MFG: ___   ☐ MANUAL ☐ AUTOMATIC   DATE LAST SERVICED: ___
☐ VHF/RADIO TELEPHONE ☐ DEPTH SOUNDER RECORDER ☐ FUME DETECTOR ☐ LORAN ☐ RADAR ☐ GPS
OTHER: ___

NAVIGATION AREA (SEE NEXT PAGE): INDICATE NUMBER: *922*
PRINCIPAL PLACE OF MOORING: *Portsmouth, RI*   ☒ ON MOORING ☐ AT DOCK ☐ TRAILERED:
HAS THE VESSEL BEEN INSPECTED BY THE PRODUCER? ☐ YES ☒ NO
LAY-UP PERIOD: FROM: ___ (AT 12:01 A.M.) TO: ___ (AT 12:01 A.M.) IS VESSEL LAID UP: ☒ ON LAND ☐ IN WATER
HAS VESSEL BEEN RECENTLY SURVEYED? *4/5*   IF SO, BY WHOM? *Joseph W. Lombardi*
HAVE ALL THE SURVEY RECOMMENDATIONS BEEN COMPLIED WITH? *yes*
WILL THE VESSEL HAVE ANY FULL OR PART-TIME EMPLOYEES? *Full-time*
IS THE VESSEL CHARTERED OR USED COMMERCIALLY? ☐ YES ☒ NO  IF YES, GIVE DETAILS: ___

YEARS OF BOATING EXPERIENCE: *N/A*   DESCRIBE PREVIOUS BOATS OWNED: ___
USCGA OR U.S. POWER SQUADRON COURSE? ☐ YES ☒ NO  PRESENT MARINE INSURER: *N/A*
HAS INSURANCE EVER BEEN CANCELLED OR NON-RENEWED? ☐ YES ☒ NO  IF YES, WHY?
ANY MARINE CLAIMS IN LAST 3 YEARS? ☐ YES ☒ NO  IF YES, GIVE FULL PARTICULARS: ___

AGENT: *(signature)*

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN APPLICATION FOR INSURANCE CONTAINING ANY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME.

# Coast Guard Vessel Documentation

| | | | |
|---|---|---|---|
| Vessel Name: | AQUASITION | USCG Doc. No.: | 905971 |
| Vessel Service: | RECREATIONAL | IMO Number: | * |
| Hull Design: | * | Call Sign: | * |
| Hull Material: | * | Hull Number: | * |
| Place Built: | * | Year Built: | 1986 |
| Shipyard: | * | Length (ft.): | 121 |
| Home Port: | JACKSON, MS | Gross Tonnage: | 243 |
| Owner: | | Net Tonnage: | 194 |
| | 515 East Amite Street | Hull Depth (ft.): | * |
| | P.O. Box 23397 | Hull Breadth (ft.): | * |
| | Jackson, MS 39225-3397 | Horsepower: | * |
| Documentation Status: | Out of Documentation | | |
| Vessel Name History: | Through: | | |
| TOPSY | December 31, 1994 | | |
| ALLIANCE | December 31, 1988 | | |
| No Vessel Owner Changes | | | |

*Return to Vessel by CG Doc. Number Query Page*

*Go to Vessel by Name Query Page*

# EXHIBIT B

The Connecticut Indemnity C ... pany – A Stock Insurance Company and ... of Orion Capital
Home Office: 9 Farm Springs Road, Farmington, CT 06032 • (860) 674-6600
Case 3:02-cv-02105-RNC    Document 66-13    Filed 07/02/2007    Page 13 of 17



# YACHT POLICY

**/T 607311**

RENEWAL OF POLICY NUMBER:    NEW

Named Insured and Address:
FRANK PERROTTI, JR
136 BRADLEY RD
WOODBRIDGE, CT 06525

Agency Name and Address:
DUNLOP AGENCY
8 FAIRFIELD BLVD
WALLINGFORD, CT 06492
06-91-3544

From 10-19-1999 to 10-19-2000
Both dates at 12:01 A.M. standard time at place of issuance.

COVERAGE UNDER THIS POLICY APPLIES ONLY TO THOSE SECTIONS FOR WHICH LIMITS AND PREMIUMS ARE DESIGNATED BELOW.

| | COVERAGE | LIMITS | | PREMIUM |
|---|---|---|---|---|
| **SECTION A** | HULL | $ 3,750,000   AGREED VALUE | | 1. $15,938<br>2. $<br>3. $ |
| | DEDUCTIBLE $ 25,000 | Applicable to Hull Insurance. Section "A" only. | | |
| **SECTION B** | PROTECTION & INDEMNITY | $ 5,000,000 | EACH OCCURRENCE | 1. $ 3,850<br>2. $<br>3. $ |
| | LONGSHOREMEN'S & HARBOR WORKERS' COMPENSATION INSURANCE | AS PROVIDED IN PUBLIC ACT 803 OF THE 69th CONGRESS, AS AMENDED | | |
| **SECTION C** | PRIMARY MEDICAL PAYMENTS | $2,000 IF SECTION B IS COMPLETED | EACH PERSON IN ANY ONE ACCIDENT | $INCL |
| | EXCESS MEDICAL PAYMENTS | $    23,000 | | |
| | SECTION D   YACHT TRAILER   $50 DEDUCTIBLE APPLICABLE TO TRAILER | $ | | 1. $<br>2. $ |
| | SECTION E  TOWING & ASSISTANCE - Limit $250 ANY ONE YEAR x $2,500 PER YEAR | | | INCL |
| | ENVIRONMENTAL DAMAGE ENDORSEMENT (AS PER THE ATTACHED) | | | INCL |
| | OTHER      PERSONAL PROPERTY $ | UB-$25,000, YT EXT | | $INCL |
| | | | TOTAL PREMIUM | $19,788 |

DESCRIPTION OF VESSEL: Year 1986    Mfg. DENISON MARINE                    Length 121'

Name _____    Hull # or Ser. # DEI001081686      TYPE _____

DESCRIPTION OF MOTOR: Year 1986 Mfg. MTU-12-V      Ser. # 553-0910/553-0909 Horsepower 1,530
TWIN

DESCRIPTION OF TRAILER: Year _____ Mfg. _____    Ser # _____

NAVIGATION LIMITS WARRANTY:
WARRANTED THAT THE YACHT SHALL BE CONFINED TO THE USE AND NAVIGATION OF AREA # 929   AS FULLY DESCRIBED ON THE PAGE ATTACHED TO THESE DECLARATIONS.

LOSS PAYEE:

JDY REVIEWED
CAO   DATE: 12/22/99
DATE: _____

LAY-UP WARRANTY: WARRANTED THAT THE DESCRIBED YACHT SHALL BE LAID UP AND OUT OF COMMISSION AND NOT USED BY THE INSURED FOR ANY PURPOSE DURING THE PERIOD

FROM 11-1       (AT 12:01 AM) TO 4-1                    (AT 12:01 AM)

NAVIGATIONAL ASSISTS:   ☐ Radio Telephone-VHF  ☐ Depth Recorder  ☐ Radar/LORAN/GPS  ☐ Fire Extinguisher System
☐ Power Squadron or Coast Guard Auxiliary Course  ☐ Vapor Detector  ☐ Diesel

It is further warranted that the equipment has been properly installed and will be maintained in good and efficient working order during the term of this insurance.

RECEIVED

Countersigned this 14TH day of DEC        , 99JD      By _____ Agent

AGENT

DEC 2 9 1999
DUNLAP CT

10201-1 DCL (08-93) (PAGE 1 OF 2)                                          101A0495.FAN

# NAVIGATION CODES

**940 INLAND WATERS - 7 Months navigation - New England & New York**

"Warranted confined to the use and navigation of inland lakes and rivers in Maine, New Hampshire, Vermont, New York, Massachusetts, Connecticut and Rhode Island - excluding the Great Lakes."

**939 INLAND WATERS - 7 Months Navigation - Continental**

"Warranted confined to the use and navigation of inland lakes and rivers including the Great Lakes."

**924 SPECIAL NORTH ATLANTIC COASTAL - 7 Months Navigation**

"Warranted confined to the use and navigation of coastal waters and tributaries of the Atlantic Ocean from Eastport, ME to Provincetown, MA - including Mass Bay."

**950 BARNAGAT BAY - 8 Months Navigation**

"Warranted and confined to the use and navigation of Barnagat Bay and its tributaries, not south or east of Beach Haven Inlet and not north of Bridge Avenue Bridge on the Point Pleasant Canal, New Jersey."

**927 CHESAPEAKE BAY - 8 Months Navigation**

"Warranted confined to the use and navigation of the Chesapeake Bay and its tributaries between the Maryland-Delaware line on the C & D Canal and Portsmouth, VA, but not east of the Cape Henry-Cape Charles line."

**925 NEW ENGLAND COASTAL WATERS - 7 Months Navigation**

"Warranted confined to the use and navigation of coastal waters and tributaries of the Atlantic Ocean between Eastport, ME and Montauk, NY including Long Island Sound, Block Island Sound, Gardner Bay, Peconic Bays and Great South Bay."

**945 JERSEY COAST - 8 Months Navigation**

"Warranted confined to the use and navigation of coastal waters and tributaries of the Atlantic Ocean between Sandy Hook, NJ and Lewes, DE including Delaware Bay."

**929 MID ATLANTIC - 8 Months Navigation**

"Warranted confined to the use and navigation of coastal waters and tributaries of the Atlantic Ocean between Eastport, ME and Virginia Beach, VA."

**920 ATLANTIC COASTAL WATERS - 7 Months Navigation**

"Warranted confined to the use and navigation of coastal waters and tributaries of the Atlantic Ocean and Gulf of Mexico, including the Bahamas, from Eastport, ME to Pensacola, FL."

**922 ATLANTIC COASTAL WATERS - 12 Months Navigation**

"Warranted confined to the use and navigation of coastal waters and tributaries of the Atlantic Ocean and Gulf of Mexico, including the Bahamas, from Eastport, ME to Pensacola, FL."

**889 PORT RISK ONLY**

"Warranted the insured vessel shall be laid-up and out of commission for the entire term of the policy and not used by the Insured for any purpose whatsoever."

The Connecticut Indemnity C   r   1y – A Stock Insurance Company and    er  of Orion Capital
Home Office 8:02 springs Road, FNC... gt... Ct 06031 (860) 674-6600

Case 8:02-cv-02105-FNC   Document 06:3   Filed 07/02/2007   Page 15 of 17

# ENVIRONMENTAL DAMAGE ENDORSEMENT

In consideration of additional premiums indicated, we agree to pay on your behalf those reasonable costs and expenses, subject to the terms and conditions of this endorsement, resulting from the unintentional spillage of a contaminant from the insured vessel.

This endorsement will cover:

- -Those sums for which you are legally liable to pay as the result of damage to property of others.

- -Those reasonable costs directly associated with the actual clean-up of a covered event.

- -Those reasonable costs or expenses legally imposed on you by government authorities assisting or monitoring the clean-up.

- -Administrative charges and civil penalties levied against you by a judiciary body as the result of a covered event.

- -Those reasonable costs and expenses to defend you against legal action from a covered event.

Limit of Liability:  We agree to pay up to a maximum of $500,000 in any one policy year for those reasonable costs and expenses covered by this endorsement, regardless of the number of covered claims made or expenses incurred.

This additional coverage will not apply if you or any additional insured refuses or knowingly fails:

- -To report the covered event as is required by law(s) and you or any additional insured had reason to know of the covered event.

- -To provide all reasonable cooperation and assistance as is required by law(s) or by someone acting under their legal authority.

We do not provide coverage under this endorsement for:

- -Liability which has been assumed by you or any additional insured under contract or agreement.

- -Liability arising out of any event that occurs on land or in the air.

- -Liability for any covered event that is caused by or resulting from any intentional act or wilful misconduct by you or any additional insured.

- -Liability for bodily injury, disease, death or mental illness or anguish.

- -Liability arising out of the spillage of any radio active or nuclear material.

- -Any claim for punitive damages, or any fine, penalty or cost of defense arising out of a criminal violation.

- -Any assessment or Liability for Natural Resource Damage unless legal action commences within one(1) year of a covered event.

For purposes of this endorsement, the following definitions shall apply:

- -You or your means the Named Insured as specified on the declarations page of this policy.

- -Covered Event means the sudden accidental and unexpected discharge, leakage or spillage of a contaminant from the insured vessel in an accident that is specific in time and place and within the policy period.

- -Contaminant means any petroleum product, chemical, lubricant, or solvent normally associated with the use and operation of small craft.

SPECIAL NOTE:  IT IS REQUIRED BY LAW THAT YOU MUST NOTIFY THE PROPER AUTHORITIES IN THE EVENT OF A DISCHARGE OF A POLLUTANT FROM YOUR VESSEL.  EVEN IF YOU HAVE REPORTED A CLAIM TO YOUR AGENT OR INSURANCE COMPANY, YOU ARE STILL REQUIRED BY LAW TO REPORT A DISCHARGE TO THE PROPER AUTHORITIES.

AGENT

30381297.FAP

# UNINSURED BOATER ENDORSEMENT

**A.    COVERAGE:**  We will pay those sums for which a covered person is legally entitled to recover from the neglegent owner or operator of an uninsured watercraft because of bodily injury received aboard the vessel covered by this policy. Those sums recoverable under this endorsement shall be limited to:

1. the injured person's necessary medical , surgical, ambulance, hospital and professional nursing expenses.

2. reasonable funeral expenses if the covered person dies within one year of the date of the accident.

The uninsured owner or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured watercraft.

**B.    "UNINSURED WATERCRAFT"**  means a waterborne vehicle of any type:

1. to which no bodily injury liability bond or policy of insurance applies on behalf of either the vessel owner or operator.

2. to which a bodily injury liability bond or policy of insurance applies on behalf of the owner or operator, but the bonding or insurance company (a) denies all applicable bodily injury coverage, (b) is or becomes insolvent and is unable to pay any of its obligations.

3. which is a "hit and run" watercraft whose owner or operator cannot be identified.

**C.    COVERED PERSONS:**  This coverage shall apply only to those persons who are insured by this policy as listed on the Declarations Page or covered under "GENERAL CONDITIONS", paragraph 1, "Insured" of this policy.

**D.    EXCLUSIONS:**  We do not provide Uninsured Boater Coverage:

1. for claims settled without our written consent.

2. if the uninsured watercraft is owned by any government agency or unit.

3. on watercraft owned by or furnished for the regular use of you, a member of your immediate family, or any person or organization insured by this policy.

This policy will not apply directly or indirectly to the benefit of any insurer under any state of federal compensation law or act.

**E.    LIMIT OF LIABILITY:**  The limit of liability specified on the Declarations Page under "Uninsured Boater Endorsement" is the maximum amount we will pay under this coverage.

Any payment under this coverage will reduce the limit of liability under Section B, "Protection and Indemnity" of this policy, by the amount of such payment.

AGENT

ISSUED TO:    FRANK PERROTTI, JR

## YACHT POLICY EXTENSION OF COVERAGE ENDORSEMENT

A.  PERSONAL EFFECTS COVERAGE
   1.  AGREEMENT:
        WE AGREE TO EXTEND COVERAGE FOR FURNITURE, FURNISHINGS AND
        PERSONAL    EFFECTS   (INCLUDING    FISHING    EQUIPMENT)   NOT
        NORMALLY   REQUIRED   ON    BOARD    FOR    THE    OPERATION   OR
        MAINTENANCE OF THE YACHT (INCLUDED).   WE WILL PAY NO MORE
        THAN *$50,000 IN   THE   EVENT   OF   ANY   ONE   LOSS.   ·THIS
        ENDORSEMENT IS A PART OF·YOUR POLICY AND IS SUBJECT TO ALL
        OF ITS TERMS. *SUBJECT TO NOT MORE THAN $5,000 ON ANY ONE
        ITEM.
   2.  EXCLUSIONS:
        WE DO NOT PROVIDE COVERAGE FOR:
        A.  CURRENCY, JEWELRY OR FURS
        B.  LOSS OR DAMAGE OR EXPENSE CAUSED BY:
            1)  MECHANICAL BREAKDOWN
            2)  MANUFACTURER'S DEFECT
            3)  DAMPNESS OF ATMOSPHERE
            4)  EXTREMES OF TEMPERATURE
        C.  LOSS  OR  DAMAGE  CAUSED  BY  ELECTRICITY  OTHER  THAN
            LIGHTNING, UNLESS FIRE RESULTS.   IF FIRE DOES RESULT,
            WE WILL COVER ONLY THAT PART OF THE LOSS CAUSED BY THE
            FIRE.

   3.  VALUATION AND DEDUCTIBLE:
        IN THE EVENT OF   LOSS OR DAMAGE, WE  WILL PAY NO MORE THAN
        THE REPLACEMENT   COST OF THE   PROPERTY MINUS DEPRECIATION.
        EACH  SEPARATELY    OCCURRING   LOSS   OR   DAMAGE   SHALL   BE
        ADJUSTED.  THE  SUM  OF  $250  SHALL  BE  DEDUCTED  FROM  EACH
        CLAIM.

B.·  TENDER COVERAGE
     TENDER WITH EQUIPMENT FOR AN AMOUNT OF 1% OF THE HULL VALUE IS
     INCLUDED; MAXIMUM $5,000 DEDUCTIBLE OF $250 TO APPLY.

C.  P̶R̶I̶M̶A̶R̶Y̶X̶X̶M̶E̶D̶I̶C̶A̶X̶X̶P̶A̶Y̶M̶E̶N̶T̶S̶
     X̶X̶X̶X̶X̶X̶X̶X̶X̶I̶M̶I̶I̶X̶X̶X̶X̶N̶C̶X̶N̶B̶E̶B̶X̶X̶I̶N̶X̶X̶X̶T̶N̶E̶X̶X̶N̶O̶X̶I̶C̶X̶X̶X̶X̶N̶N̶C̶E̶E̶X̶X̶E̶N̶D̶O̶R̶S̶E̶D̶
     N̶I̶X̶K̶N̶E̶N̶T̶E̶X̶X̶O̶N̶X̶T̶N̶E̶X̶B̶E̶C̶C̶X̶A̶R̶X̶T̶I̶O̶N̶X̶P̶A̶C̶E̶.

D.  ELECTRONICS DEDUCTIBLE
     IT  IS   UNDERSTOOD  AND   AGREED   THAT   THE  DEDUCTIBLE  FOR
     ELECTRONICS WHILE  ON BOARD  THE  VESSEL  SHALL BE  $500.  THIS
     DEDUCTIBLE APPLIES TO EACH SEPARATELY ADJUSTED CLAIM.

E.  TOWING AND ASSISTANCE COVERAGE
     IT  IS HEREBY  UNDERSTOOD AND  AGREED  THAT THE  COMPANY SHALL
     PROVIDE TOWING AND ASSISTANCE  COVERAGE AS OUTLINED IN SECTION
     E - TOWING AND ASSISTANCE COVERAGES IN THE YACHT POLICY JACKET
     (10200-1 JKT).

     ALL  OTHER  TERMS   AND  CONDITIONS  OF   THIS  POLICY  REMAIN
     UNCHANGED.