# EXHIBIT K

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE CONNECTICUT INDEMNITY
COMPANY,

Civil Action No. 301CV1410 (RNC)

Plaintiff,

v.

FRANK PERROTTI, JR.,

Defendant.

## ANSWER AND SPECIAL DEFENSES TO AMENDED COMPLAINT FOR DECLARATORY JUDGEMENT IN ADMIRALTY AND COUNTERCLAIM

Now comes the Defendant, Frank Perrotti Jr., by his attorneys, and responds to the Plaintiff's Amended Complaint for Declaratory Judgment in Admiralty dated August 16, 2001 as follows:

BY WAY OF ANSWER:

AS TO THE FIRST CAUSE OF ACTION

1 - 16.   The Defendant is without sufficient information or knowledge to form a belief as to the allegations set forth in paragraphs 1 - 4 and 6 - 16 of the First Cause of Action of the Plaintiff's Amended Complaint and therefore leaves the Plaintiff to its proof.

17.   The Defendant admits the allegation set forth in paragraph 5 of the First Cause of the Plaintiff's Amended Complaint.

18 - 19.   The Defendant denies the allegations set forth in paragraphs 17 and 18 of the First Cause of Action of the Plaintiff's Amended Complaint.

AS TO THE SECOND CAUSE OF ACTION

1 - 19.    The Defendant realleges his responses to paragraphs 1 - 18 of the First Cause of Action of the Plaintiff's Amended Complaint as set forth above as responses to paragraphs 1 - 19 of this Second Cause of Action of the Plaintiff's Amended Complaint as if set forth herein in full.

20 - 22.    The Defendant denies the allegations set forth in paragraphs 20 - 22 of the Second Cause of Action of the Plaintiff's Amended Complaint.

AS TO THE THIRD CAUSE OF ACTION

1 - 23.    The Defendant realleges his responses to paragraphs 1 - 22 of the Second Cause of Action of the Plaintiff's Amended Complaint as set forth above as responses to paragraphs 1 - 23 of this Third Cause of Action of the Plaintiff's Amended Complaint as if set forth herein in full.

24 & 25.    The Defendant denies the allegations set forth in paragraphs 24 & 25 of the Third Cause of Action of the Plaintiff's Amended Complaint.

AS TO THE FOURTH CAUSE OF ACTION

1-26.    The Defendant realleges his responses to paragraphs 1 - 25 of the Third Cause of Action of the Plaintiff's Amended Complaint as set forth above as responses to paragraphs 1 - 26 of this Fourth Cause of Action of the Plaintiff's Amended Complaint as if set forth herein in full.

27 & 28.    The Defendant denies the allegations set forth in paragraphs 27 and 28 of the Fourth Cause of Action of the Plaintiff's Amended Complaint.

AS TO THE FIFTH CAUSE OF ACTION

1 - 29.    The Defendant realleges his responses to paragraphs 1 - 28 of the Fourth Cause of Action of the Plaintiff's Amended Complaint as set forth above as responses to paragraphs 1 - 29 of this Fifth Cause of Action of the Plaintiff's Amended Complaint as if set forth herein in full.

30.    The Defendant denies the allegations set forth in paragraph 30 of the Fifth Cause of Action of Plaintiff's Amended Complaint.

AS TO THE SIXTH CAUSE OF ACTION

1 - 31.    The Defendant realleges his responses to paragraphs 1 - 30 of the Fifth Cause of Action of the Plaintiff's Amended Complaint as set forth above as his responses to paragraphs 1 - 31 of the Sixth Cause of Action of the Plaintiff's Amended Complaint as if set forth herein in full.

32 & 33.    The Defendant denies the allegations set forth in paragraphs 32 and 33 of the Sixth Cause of Action of the Plaintiff's amended Complaint.

AS TO THE SEVENTH CAUSE OF ACTION

1 - 34.    The Defendant realleges his responses to paragraphs 1 - 33 of the Sixth Cause of Action of the Plaintiff's Amended Complaint as set forth above as his responses to paragraphs 1 - 34 of the Seventh Cause of Action of the Plaintiff's amended Complaint as if set forth herein in full.

35.    The Defendant denies the allegation set forth in paragraph 35 of the Seventh Cause of Action of the Plaintiff's Amended Complaint.

BY WAY OF SPECIAL DEFENSES:

The First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action fail to state claims upon which relief can be granted.

BY WAY OF COUNTERCLAIM:

The Defendant Frank Perrrotti Jr. as "Counterclaimant" against The Connecticut Indemnity Company as counterclaim Defendant (hereinafter referred to as "CIC") asserts a counterclaim, as follows:

1. The Counterclaimant Perrotti was at all times the sole shareholder, officer and principal director of Clean Waste, Inc. a corporation which owns the M/V "NEWS". By reason of such total ownership of shares, and sole officer and director of said corporation, Perrotti had and has had at all times an equitable interest and insurable interest in the vessel.

2. The CIC has been at all times hereinafter mentioned a corporation duly licensed to transact insurance business in this state, and to issue the insurance policy hereinafter referred to.

3. Subsequent to October 19, 1999, in consideration of the premium specified in the policy, the CIC issued to Perrotti a policy of marine insurance wherein the CIC agreed to pay on behalf of Perrotti all sums which Perrotti shall become legally obligated to pay as damages because of any bodily injury or property damage arising out of the ownership, maintenance or use of the vessel M/V "NEWS" described therein, not exceeding the limits specified in the policy, and to defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of the policy.

4. On or about April 8, 2000 while the policy was in effect and while the M/V "NEWS" was in Newport, Rhode Island, a crew member Johan Fourie suffered injuries by reason of falling in the engine room of the Yacht.

5. Johan Fourie brought an action against Perrotti and Clean Waste, Inc. for injuries allegedly sustained as a result of the occurrence. This action was designated as JOHAN FOURIE V. CLEAN WASTE, INC. and Perrotti and the M/V "NEWS" in the United States District Court for the Southern District of Florida, Case No. 01-7735-CIV-ZLOCH.

6. CIC was duly notified of the accident and of the action, and Perrotti has at all times performed all things required of him by the terms of the policy with respect to the accident and the action.

7. CIC neglected and refused to defend the action or to assume any responsibility therefore as required by the terms of the policy.

8. As a result of CIC's refusal and failure to defend the action, the Perrotti was compelled to retain the services of an attorney and to incur other expenses in connection with the defense of the action.

9. After the institution of the Florida action, the M/V "NEWS" was arrested and seized by the U.S. Marshal and CIC refused to post any bond or take any action to secure release of the vessel despite requests on behalf of Perrotti.

10. By reason of such refusal Perrotti was required to expend substantial sums to obtain a bond for the release of the vessel and to expend substantial additional sums to pay medical bills and maintenance and cure for Johan Fourie as demanded on his behalf, which CIC was required to pay under the subject policy and refused to do so.

11. CIC has refused to reimburse the Perrotti the amount which were paid or may be paid to satisfy the claims asserted by Johan Fourie; for Perrotti's necessary counsel fees and other expenses incurred in connection with the defense of the action.

WHEREFORE, the Counterclaimant Frank Perrotti, Jr. claims damages and punitive damages against the Counterclaim Defendant, The Connecticut Indemnity Company, Inc., attorneys fees and expenses, together with costs and disbursements of this action and such other and further relief as this Court deems just and proper.

Dated April 12, 2002

THE DEFENDANT
FRANK PERROTTI, JR.

By:_____
John L. Senning, Esquire of
Senning & Rieder
Fed Bar # ct05807
16 Saybrook Road,
Essex, CT 06426
(860) 767-2618

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the forgoing was mailed postage prepaid this date to the following:

>Samuel B. Mayer, Esq.
>Duane Morris LLP
>36 Woodbury Avenue
>Stamford, CT 06907
>
>James W. Carbin, Esq.
>Duane Morris LLP
>744 Broad Street
>Suite 1200
>Newark, NJ 07102-3889

Dated: April 15, 2002

John L. Senning, Esq.