December 2, 2007 — Clean Waste, Inc. v. Connecticut Indemnity Co., et al.
Case 3:02-cv-02105-RNC    Document 79    Filed 12/03/2007    Page 1 of 1
3:02-CV-2105 (RNC)

Re:  Motions for Summary Judgment (Docs. # 60, 61, 62 & 65)

Granted.  Defendants have filed separate motions for summary judgment as to all claims.  Plaintiff has not responded to the motions.  In the absence of a response, the movants' factual assertions may be accepted as true.  See D. Conn. L. Civ. R. 56(a)1.  "Even when a motion for summary judgment is unopposed," however, "the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004).  After review of the summary judgment record, I conclude that the claims against Dunlap Corporation and First Nations Financial are barred by Connecticut's three-year statute of limitations applicable to negligence claims.  See Conn. Gen. Stat. § 52-577.  Plaintiff's claim against Bruen Deldin Dido Associates, Inc. fails because the insurance policy was procured prior to BDD's purchase of Dunlap's assets in December 1999, and BDD did not assume Dunlap's liabilities.  Moreover, any negligence by BDD subsequent to the issuance of the October 1999 policy is not causally connected to the injury alleged by plaintiff.  Plaintiff's claims against Connecticut Indemnity Company and Marine MGA, Inc. are barred for substantially the reasons stated in defendants' memorandum of law.  The crossclaims by MGA Marine [doc. #10] and Dunlap [doc. # 55] are denied as moot.  Judgment will enter accordingly.  So ordered.

                                    Robert N. Chatigny, U.S.D.J.